[No. C015620. Third Dist. Jan. 19, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT FRYE, Defendant and Appellant.

## COUNSEL

K. Angela Macfarlane, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

SIMS, J.—As amended in 1992,[1] Government Code section 13967, subdivision (a) (hereafter § 13967(a)), provides in relevant part: "[I]f the person is convicted of one or more felony offenses, the court shall impose a . . . restitution fine of not less than two hundred dollars ($200), *subject to the defendant's ability to pay* . . . ." (Italics added.)

Penal Code section 1202.4, subdivision (a) (hereafter § 1202.4(a)) provides in relevant part: "In any case in which a defendant is convicted of a

---

[1]Statutes 1992, chapter 682, section 4.

felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine . . . shall be ordered *regardless of the defendant's present ability to pay.*"

In this case we are called upon to harmonize these two statutes.[2] We shall conclude that, in imposing a restitution fine, the trial court must consider a defendant's ability to pay. However, the trial court is not limited to a consideration of a defendant's present ability to pay but may consider defendant's ability to pay in the future.

Defendant Robert Frye was serving a life sentence in state prison when he was found in possession of methamphetamine.

Defendant pled guilty to possession of methamphetamine in state prison. (Pen. Code, § 4573.6.) During the taking of his plea, the trial court advised him it would impose a $200 restitution fine. Defendant asked, "So how am I supposed to pay that?" The court responded that defendant could pay the fine right away or that it could be satisfied from his prison wages pursuant to the provisions of Penal Code section 2085.5.[3]

Defendant replied, "I understand that."

Defendant waived preparation of a probation report and requested to be sentenced immediately. The trial court complied and sentenced defendant to state prison and imposed a $200 restitution fine "payable forthwith, or as provided by 2085.5 of the Penal Code." Defendant has appealed.

■  Defendant first contends section 13967(a) requires the trial court to make an express determination, on the record, of a defendant's ability to pay a restitution fine. However, the statute imposes no such requirement and we will not do so by judicial fiat. (See *People* v. *Staley* (1992) 10 Cal.App.4th

---

[2] We are aware that Division Three of the First District has recently spoken to this issue. (See *People* v. *Wilson, ante,* p. 885 [26 Cal.Rptr.2d 537], review granted April 18, 1994 (S038024).) Since that case is not final, we do not address it further.

[3] Penal Code section 2085.5 provides: "In any case in which a prisoner owes a restitution fine imposed pursuant to subdivision (a) of Section 13967 of the Government Code, the Director of Corrections shall deduct a reasonable amount not to exceed 50 percent from the wages of a prisoner and shall transfer that amount, less a 10-percent administrative fee, which shall be retained by the director, to the State Board of Control for deposit in the Restitution Fund in the State Treasury. Any amount so deducted shall be credited against the amount owing on the fine. The sentencing court shall be provided a record of those payments."

782, 785 [12 Cal.Rptr.2d 816]).[4] Rather, we shall apply the usual presumption that official duty has been regularly performed. (Evid. Code, § 664.)

■ Defendant also contends the record contains no evidence to support an implied finding of defendant's ability to pay the restitution fine. The People argue that the minimum amount of the fine ($200) may be imposed without considering a defendant's ability to pay. According to the People, when section 13967(a) and section 1202.4(a) are read together, the statutes require imposition of a minimum restitution fine, and defendant's ability to pay is considered only when the trial court imposes a fine in excess of $200.

We agree with the People that section 13967(a) and section 1202.4(a) must be harmonized if possible. (See, e.g., *Pacific Southwest Realty Co.* v. *County of Los Angeles* (1991) 1 Cal.4th 155, 167 [2 Cal.Rptr.2d 536, 820 P.2d 1046]; *County of Yolo* v. *Los Rios Community College Dist.* (1992) 5 Cal.App.4th 1242, 1248-1249 [7 Cal.Rptr.2d 647].) However, the People's interpretation is unacceptable for two reasons.

First, the syntax of section 13967(a) cuts against the People's argument. The phrase "subject to the defendant's ability to pay" comes directly after, and naturally modifies, the words "two hundred dollars ($200)."

Second, the legislative history of the 1992 amendment of section 13967(a) suggests the $200 fine was subject to a defendant's ability to pay. Thus, the 1992 amendment raised the minimum amount of the fine from $100 to $200 and added the language: "subject to the defendant's ability to pay." (Stats. 1992, ch. 682, § 4.) The amendment was accomplished by Senate Bill No. 1444 (1991-1992 Reg. Sess.). (*Ibid.*) The staff report on the bill by the Assembly Committee on Public Safety stated in pertinent part:[5] "This bill sets a minimum fine of $200 with an ability to pay provision." (Sen. Bill No. 1444.) This legislative history obviously links the increase in the minimum fine with a defendant's ability to pay. We therefore conclude even the imposition of the $200 minimum fine must be subject to a defendant's ability to pay.

What do we do, then, with section 1202.4(a), which mandates imposition of a restitution fine "regardless of the defendant's *present* ability to pay"?

---

[4]*People* v. *Adams* (1990) 224 Cal.App.3d 705 [274 Cal.Rptr. 94], cited by defendant on this point, is distinguishable. That case held it error for the trial court to impose payment of probation costs without conducting a hearing. (*Id.* at pp. 712-713.) However, the operative statute, Penal Code section 1203.1b, expressly provides for a hearing on defendant's ability to pay.

[5]The staff report contains cognizable legislative history. (*Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 465, fn. 7 [253 Cal.Rptr. 236, 763 P.2d 1326].)

(Italics added.) We think this statute means that, in determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future.

We recently confronted a similar issue in *People* v. *Staley, supra,* 10 Cal.App.4th 782. There we concluded a court could consider the future earning power of a defendant in determining whether the defendant has the ability to pay a drug program fee. "Ability to pay does not necessarily require existing employment or cash on hand." (*Id.* at p. 785.)

Synthesizing section 13967(a) and section 1202.4(a), we therefore conclude a trial court must consider a defendant's ability to pay in imposing even a minimum restitution fine, but the trial court is not limited to a consideration of a defendant's present financial circumstances; rather, the court may consider the future financial prospects of a defendant.

Here, contrary to defendant's contention, the record demonstrates an evidentiary basis for imposition of the minimum fine. State prison inmates who perform assigned work are compensated for it. (See Pen. Code, §§ 2700, 2801, subd. (b); Cal. Code Regs., tit. 15, § 3040, subd. (a); Dept. of Corrections, Operations Manual, § 51120.1, p. 51120-2.) The trial court indicated defendant's fine could be paid out of defendant's prison wages pursuant to Penal Code section 2085.5. (See fn. 3, *ante.*) When informed about this method of payment, defendant responded, "I understand that." If defendant was ineligible for prison work assignment, it was incumbent upon him to alert the court to any such disability. (See *People* v. *Staley, supra,* 10 Cal.App.4th at p. 786.) In the absence of objection by defendant, the trial court could presume the fine would be paid out of defendant's prison wages.

### DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Blease, J., concurred.