Filed 4/5/13  P. v. Lee CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062040 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE316239) |
| MELODY LEE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

For three years, Melody Lee lived with her boyfriend, codefendant Timothy Gross, and Timothy's 92-year-old mother, Sally.  Lee helped care for Sally.  Lee pleaded guilty to elder abuse likely to cause great bodily injury or death based on her neglect of Sally, which included evidence that Sally was left alone in a home with no running water or edible food and in extremely unsanitary conditions.  The trial court sentenced her to a total term of three years in prison.  It also imposed various fines and fees, including a

$1,500 restitution fine under Penal Code section 1202.4. (Undesignated statutory references are to the Penal Code.) Lee did not object to the imposition of the restitution fine on any grounds. She appeals, contending the trial court abused its discretion when it imposed the fine. We reject her contention and affirm the judgment.

DISCUSSION

Lee contends the trial court abused its discretion and violated her right to due process when it ordered her to pay a $1,500 restitution fine under section 1202.4 because there was no evidence to support the order and the trial court failed to consider the relevant factors under subdivision (d) of section 1202.4 or her ability to pay the fine. She acknowledges that she failed to raise this issue in the trial court, but contends the forfeiture doctrine does not apply because her claim is based on the sufficiency of the evidence. Alternatively, she contends her counsel was ineffective by failing to object to the fine.

Lee forfeited the claim that the evidence did not support the fine by failing to object at her sentencing hearing. (*People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409 (*Gamache*).) Nonetheless, we will review her claim on its merits to avoid her ineffective assistance of counsel claim and because the California Supreme Court is currently considering whether the forfeiture doctrine applies with respect to booking fees. (*People v. Mason*, review granted Aug. 29, 2012, S203747; *People v. McCullough*, review granted June 29, 2011, S192513.)

"In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary

2

reasons for not doing so, and states those reasons on the record." (§ 1202.4, subd. (b).) The "Legislature intended restitution fines as punishment." (*People v. Hanson* (2000) 23 Cal.4th 355, 361.) At the time of Lee's offense, section 1202.4 provided that when a defendant is convicted of a felony, the trial court must impose a restitution fine that is not less than $200 and not more than $10,000. (§ 1202.4, former subd. (b)(1) as amended Stats. 2011, ch. 358, § 1, pp. 4008–4009 [increasing minimum restitution fine to $240 as of January 1, 2012].)

The court may set the fine by multiplying $200 by the number of years of imprisonment ordered and multiplying that number by the number of felony convictions. (§ 1202.4, subd. (b)(2).) Alternatively, the court may exercise its discretion to set the restitution fine without reference to the statutory formula. (§ 1202.4, subd. (b)(1).) Regardless of what method the trial court uses to set the fine, in setting the fine at more than $200, it "shall consider any relevant factors, including . . . the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, . . . and the number of victims involved in the crime." (§ 1202.4, subd. (d).)

It is the defendant's burden to show his or her inability to pay (§ 1202.4, subd. (d)), and "[t]he statute thus impliedly presumes a defendant has the ability to pay." (*People v. Romero* (1996) 43 Cal.App.4th 440, 449.) The court is not required to make specific findings or conduct a separate hearing concerning the amount of the fine to be imposed under section 1202.4. (§ 1202.4, subd. (d); *Gamache*, *supra*, 48 Cal.4th at p. 409.) We will not overturn a decision of the trial court in setting the amount of the restitution fine

3

absent a showing of an abuse of discretion. (*People v. Lewis* (2009) 46 Cal.4th 1255, 1321.)

Lee does not "'identify anything in the record indicating the trial court breached its duty to consider [her] ability to pay; as the trial court was not obligated to make express findings concerning [her] ability to pay, the absence of any findings does not demonstrate it failed to consider this factor. Thus, we cannot say on this record that the trial court abused its discretion.'" (*People v. Nelson*, *supra*, 51 Cal.4th at p. 227, citing *Gamache*, *supra*, 48 Cal.4th at p. 409.)

In any event, in determining whether a defendant has the ability to pay a restitution fine, the trial court may consider the defendant's future ability to pay, including the ability to earn wages while in prison. (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.) Additionally, where the defendant is capable of supporting herself with legitimate employment, the trial court may also consider her ability "to find and maintain productive employment once [her] sentence is completed." (*People v. Staley* (1992) 10 Cal.App.4th 782, 786.)

Here, the probation report contained evidence showing Lee had future earning capacity. Lee was 46 years old, had a high school education, attended two years of junior college and had, remarkably, completed 62 certification programs at Grossmont Adult School. Although, she had been receiving "SSI" benefits for the past two years due to medical problems and reportedly had untreatable cancer, the probation report noted inconsistencies in Lee's story regarding her illness. (*People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 [absent showing of "absolute inability to ever pay" fine, amount of

4

fine was not abuse of discretion even though payment would be difficult and would take a long time and fine might never be paid].)

Finally, while the trial court set the fine above the $200 statutory minimum, it was well below the statutory maximum of $10,000.  (§ 1202.4, former subd. (b)(1).)  Given the evidence that Sally suffered serious neglect over a long period of time, we cannot conclude that the trial court abused its discretion by imposing the $1,500 fine.

DISPOSITION

The judgment is affirmed.


MCINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

AARON, J.


5