Filed 4/3/14  P. v. Le CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071868 |
| v. | (Super. Ct. No. 92F11292) |
| LONG PHI LE, | |
| Defendant and Appellant. | |

In this appeal, defendant Long Phi Le appeals the trial court's imposition of a $200 restitution fine.

Defendant contends the trial court erred when it imposed the $200 fine because it did so under the mistaken belief it could not impose less than the minimum amount for such fines.  He requests this court to strike the fine.  While we agree the trial court erred, we conclude the error was harmless.  Accordingly, we affirm the order imposing the $200 restitution fine.

BACKGROUND

In August 2007, on retrial, a jury convicted defendant Long Phi Le of first degree murder and found true a firearm use enhancement.  He was sentenced to serve a prison term of 29 years to life.  He appealed and we affirmed the conviction, but remanded the

1

matter for a redetermination of the restitution fine and/or victim restitution.[1]  (*People v. Le* (Sept. 10, 2009, C057628) [nonpub. opn.].)

On October 8, 2010, the trial court conducted a new restitution hearing and imposed $3,500 for restitution and $6,500 as a restitution fine.  Defendant again appealed, and in an opinion issued December 28, 2011 (*People v. Le* (Dec. 28, 2011, C066674) [nonpub. opn.]), we struck the trial court's imposition of both victim restitution and the restitution fine because the court had determined these amounts without defendant being present and without sufficient evidence regarding defendant's ability to pay.  (*People v. Le, supra,* C066674.)

On July 13, 2012, the court conducted another restitution hearing, this time with defendant present.  At the hearing, the trial court correctly noted the applicable restitution statutes were those in existence in 1992, the year the murder was committed.  After defendant argued he had no ability to pay either victim restitution or a restitution fine because for the past 10 years he had been placed by prison authorities in a category where he received "no pay whatsoever," the court observed it was required to consider not only defendant's current earning state, but also his future income.  The court further observed the probation report showed defendant had previously been "self-employed" as a manicurist, earning about $4,000 per month.  The court was also informed defendant's earliest parole date was in 2021.  The court reimposed restitution of $3,500 to be paid to the Victim's of Violent Crime Program.  (Defendant does not appeal from this restitution order.)  As to the restitution fine, the court stated it was ordering "the statutory minimum restitution fine of $200, based on his inability to pay.  [¶]  And considering that he does not even have a parole eligibility date until 2021, I'm comfortable just ordering the statutory minimum of $200, rather than the 10,000 or 6,500 previously imposed."  When counsel informed the court it was defendant's personal position that because he had no

---

[1]     We take judicial notice of our records in defendant's appeals in case Nos. C057628 and C066674.  (Evid. Code, § 452, subd. (d).)

ability to pay, "no restitution fine and/or restitution should be imposed," the court responded, "Well, as I read it, the statutory minimum the Court has to order is $200."

DISCUSSION

The statutes relevant to restitution fines are former Penal Code section 1202.4 and former Government Code section 13967. In 1992, in pertinent part, these statutes provided as follows: "In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine . . . shall be ordered regardless of the defendant's present ability to pay." (Former Pen. Code, § 1202.4, subd. (a), as amended by Stats. 1990, ch. 45, § 4, p. 261.)

Former Government Code section 13967, subdivision (a), provided in relevant part: "[I]f the person is convicted of one or more felony offenses, the court shall impose a . . . restitution fine of not less than two hundred dollars ($200), subject to the defendant's ability to pay . . . ." (Former Gov. Code, § 13967, subd. (a), as amended by Stats. 1992, ch. 682, § 4, p. 2922.)

In *People v. Frye* (1994) 21 Cal.App.4th 1483, this court resolved the apparent conflict between the ability to pay contained in Penal Code section 1202.4 and Government Code section 13967, stating: "[W]e therefore conclude a trial court must consider a defendant's ability to pay in imposing even a minimum restitution fine, but the trial court is not limited to consideration of defendant's present financial circumstances; rather, the court may consider the future financial prospects of a defendant." (*Frye,* at p. 1487.)

We conclude the trial court erred when it stated it was required to impose the minimum $200 restitution fine. This statement was made in response to being advised defendant would appeal the imposition of the restitution and restitution fine because he has no ability to pay. In determining the amount of the restitution and restitution fine, the trial court relied on defendant's potential earning capacity of $4,000 per month as a

3

manicurist and his potential parole eligibility date of 2021. As a result, the court substantially reduced the previously imposed restitution fine and decided to impose $200. The court's reference to defendant's potential earning capacity and his possible parole date indicate it considered defendant's potential earning capacity as a possible means of paying the minimum $200 fine. Based on this record, it is not reasonably probable defendant would obtain a better result on remand. Accordingly, we conclude the error is harmless. (See *People v. Watson* (1956) 46 Cal.2d 818, 836 [reversal is warranted only when it is reasonably probable a result more favorable to the defendant would be reached in the absence of the error].)

## DISPOSITION

The order imposing the $200 restitution fine is affirmed.


      HOCH    , J.


We concur:


    MAURO   , Acting P. J.


    DUARTE  , J.

4