Filed 7/18/14  P. v. Washington CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059438 |
| v. | (Super.Ct.No. FWV1200348) |
| JOYCE ANN WASHINGTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stephan G. Saleson, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Joyce Ann Washington pled no contest to committing theft from an elder. (Pen. Code, § 368, subd. (d).)[1] The trial court withheld pronouncement of judgment and granted probation for a period of three years. The court imposed financial obligations, including a court security fee of $70, a $26-a-month probation supervision fee, a probation revocation restitution fine of $280, and victim restitution in the amount of $17,366.42. The court ordered a total monthly payment of $200.

On appeal, defendant contends that the court abused its discretion in setting the payment at $200 per month. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The victim lived in a convalescent home and her daughters took care of her finances, until they both passed away in 2007. In 2008, the victim appointed defendant, her daughter's best friend, to handle her finances. Defendant was only supposed to use the victim's bank account to pay the victim's rent and other expenses. The victim became worried because she did not know how much money she had in her account. When the victim asked defendant if she had paid the rent, defendant never answered her and then stopped coming to visit her. The victim subsequently had the convalescent home administrator take her to her bank, and she discovered some unauthorized charges. The victim contacted the police. A police investigator who reviewed the bank statements noticed several high dollar withdrawals and cash advances. When an officer interviewed

_____

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

defendant, she said that she was a signer on the victim's account, and that she had been having financial problems.  Defendant admitted that she had been using the victim's money for the past year.

Defendant was charged by information with committing theft from an elder between May 1, 2008 and September 13, 2011.  The parties agreed to have defendant enter a plea agreement and the court suspend judgment, with the purpose of allowing defendant time to work and earn the money to pay the victim back.  The prosecutor agreed that, as soon as defendant paid back the money, the felony offense would be reduced to a misdemeanor.  The plea agreement stipulated that defendant would pay $17,366.42 in victim restitution.

At a hearing on August 20, 2012, defendant entered a no contest plea pursuant to the plea agreement.  The parties discussed the payment of victim restitution extensively.  The court informed defendant that it was going to keep track of her employment and progress in paying back the money.  The court noted that it was setting the pronouncement of judgment for February 18, 2013; however, if defendant had not paid all the money by then, the pronouncement of judgment could be moved to enable defendant to get all the restitution paid.  The parties agreed that, as long as defendant was making a good faith effort to pay the restitution, she could seek a continuance.  After taking defendant's plea, the court set a review hearing date of December 17, 2012.  The court said it wanted to see pay stubs and documented evidence of payments made toward restitution.

3

At the outset of the hearing on December 17, 2012, defense counsel informed the court that defendant was waiting on a bonus check and that she planned on paying $200 by December 28. The prosecutor asked if defendant had made any payments since August, and defense counsel said no. The court emphasized that the victim needed to be paid. The court continued the hearing to January 3, 2013.

At the review hearing on January 3, 2013, the prosecutor informed the court that the pronouncement of judgment had erroneously been set on a court holiday. The parties then agreed to continue pronouncement of judgment until March 21, 2013. The court set it accordingly. The matter was subsequently continued again until May 15, 2013.

At the outset of the hearing on May 15, 2013, the court stated that it had received and reviewed the probation officer's report, which included the conditions of probation. Defense counsel asked the court to strike any fees/fines possible, since the amount of restitution was high and was part of the plea bargain. She also noted that she and the prosecutor had come to an agreement on a number of terms being stricken. Defense counsel then submitted on the remainder of the report and noted that the prosecutor wished to be heard on the issue of monthly payments. The probation report recommended the total monthly payment for all ordered amounts to be $40 per month, and the prosecutor stated that he had a problem with that amount. The court agreed that $40 per month did not seem like much since defendant owed $17,000. It was noted that, in order to pay $17,000 off in three years, the payment should be close to $500 a month.

4

Then, counsel recommended that the payment be at least $200 per month.[2] The court noted that it needed to "maintain some vigilance over [defendant's] employment status, so as to assure that this large amount is paid in the victim's lifetime." The court concluded, "So here is what we're going to do. I'll make the payment $200 a month. [Defendant] will figure out how to do that." The court further ordered that defendant fill out the family law financial declaration form and return to court in 90 days with proof of employment, pay stubs, and evidence of any attempts she might be making to improve her income.

The court proceeded to declare that, because of the large amount of victim restitution, it would find that defendant could not pay appointed counsel fees. However, it ordered defendant to pay for the presentence investigation, a court security fee of $70, and a $26-a-month probation supervision fee. The court noted that the order of victim restitution, the state restitution fine, and the other court-ordered fines would remain in effect until paid in full. The court set the total monthly payment at $200. The court withheld pronouncement of judgment and placed defendant on probation for three years.

---

[2] The parties disagree on whether the prosecutor or defense counsel recommended $200 a month. The People argue, and the reporter's transcript reflects, that defense counsel made that recommendation. However, as pointed out in defendant's reply brief, the request to raise the monthly payment from the $40 a month recommendation to $200 a month was an unlikely request from defense counsel. Moreover, the record shows the prosecutor stated that the only issue he had with the probation report was with respect to the monthly amount of $40. We further note that defense counsel had just submitted on the probation report before the prosecutor raised the issue of the $40 monthly payment. Thus, read in context, it appears likely that the court reporter erred in attributing the statement recommending $200 a month to defense counsel.

It went over a few of the terms and specifically noted that defendant would not be required to spend any time in custody, in order to give her time to earn money to pay off the $17,366.42 in restitution.

On August 15, 2013, the court held a review hearing. The prosecutor informed the court that defendant brought the financial documents the court had requested, and that she was going to request a reduction in the monthly payments. The court reviewed the documents and asked defense counsel what the currently monthly payment was. She confirmed that it was $200 per month. The court asked defendant about her work hours, and defendant said she worked 40 hours per week. The court stated: "Well, I appreciate you filling [the financial documents] all out. I am not going to reduce the monthly payment. If it hurts a little, it's meant to. I mean, that is [*sic*] the consequences of criminal behavior. It should hurt a little. The victim is hurting. They are [*sic*] missing 17,000 dollars. The good news for [defendant] is I am not going to raise it today." Defense counsel conceded and said, "All right. We will leave the payment schedule as it is."

## ANALYSIS

### The Court Did Not Abuse its Discretion

Defendant contends that trial court abused its discretion in denying her request to reduce the monthly payment to $40. She argues that the court erred in ordering the $200 monthly payment for various reasons, including that the court could not impose a $200 monthly payment if she did not have the ability to pay, the court failed to state its reasons

6

on the record for disagreeing with the probation department's recommendation for a $40 monthly payment, the $200 monthly payment does not ensure that the victim will be compensated for her losses, and the court's error will be prejudicial. We find no error.

A. *Relevant Law and Standard of Review*

"Section 1202.4, subdivision (f) provides for a direct restitution order 'in every case in which a victim has suffered economic loss as a result of the defendant's conduct.' The order is to be for an amount 'sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct.' (*Id.*, subd. (f)(3).)" (*People v. Brasure* (2008) 42 Cal.4th 1037, 1074-1075.) "The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record." (§ 1202.4.)

"'The standard of review of a restitution order is abuse of discretion. "A victim's restitution right is to be broadly and liberally construed." [Citation.] "'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.'" [Citations.]' [Citation.]" (*People v. Baker* (2005) 126 Cal.App.4th 463, 467.)

"[T]he judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error. [Citation.]" (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)

B.  *Defendant Has Failed to Affirmatively Demonstrate Error Regarding Ability to Pay*

At the sentencing hearing, the court imposed a $200 monthly payment that was comprised of all of defendant's fines, fees, and restitution obligations.  These obligations included:  (1) a state restitution fine of $280, under section 1202.4, subdivision (b); (2) victim restitution in the amount of $17,366.42, under section 1202.4, subdivision (f); (3) a monthly $26 probation supervision fee; and (4) a court security fee of $70.[3]

1.  *Restitution Fine Pursuant to Section 1202.4, Subdivision (b)*

Defendant first contends that the trial court was required to consider her ability to pay the monthly payment because the court increased the restitution fine under section 1202.4, subdivision (b), above the minimum amount.  (§ 1202.4, subd. (c).)  We disagree. The court ordered defendant to pay a $280 restitution fine.  At the time of defendant's offense in September 2011, the minimum fine was $200.  (Former § 1202.4, subd. (b); *People v. Souza* (2012) 54 Cal.4th 90, 143.)  However, we note that section 1202.4 only states that a court is required to consider a defendant's inability to pay in setting the "amount of the fine" in excess of the minimum fine.  (§ 1202.4, subd. (d).)  It does not require a court to consider a defendant's ability to pay a *monthly payment*, as defendant claims.  Moreover, if the court erred by not considering defendant's inability to pay in setting the amount of the fine, any error was harmless since the record indicates that she could pay a $280 fine.

---

[3]  Defendant does not raise any issue with the $70 court security fee.

2. *Victim Restitution Pursuant to Section 1202.4, Subdivision (f)*

The court ordered defendant to pay restitution to the victim in the total amount of $17,366.42. Defendant merely contends that "a trial court *should* consider a defendant's ability to pay a monthly payment for a [victim] restitution order under section 1202.4, subdivision (f)." (Italics added.) She has failed to cite any authority stating that a court is *required* to consider a defendant's ability to pay a monthly payment. Section 1202.4, subdivision (f), provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . . The court *shall* order *full restitution* unless it finds compelling and extraordinary reasons for not doing so . . . ." (Italics added.) This subdivision is referring to the *total amount* of victim restitution, and it requires the court to order full restitution. It says nothing about the amount of the monthly payment, which is what defendant is complaining about. It also does not mention anything about a defendant's ability to pay.

Defendant does cite section 1202.4, subdivision (f)(5), in support of her claim that a court should consider a defendant's ability to pay a monthly payment for victim restitution. That section requires a defendant to "prepare and file a disclosure identifying all assets, income, and liabilities." (§ 1202.4, subd. (f)(5).) She asserts that a defendant's financial situation "would be superfluous if an inability to pay was irrelevant to setting the monthly payment." Again, section 1202.4, subdivision (f), does not mention anything

about the monthly payment amount. Moreover, section 1202.4, subdivision (g), provides that "[t]he court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so." This subdivision specifically provides that "[a] defendant's inability to pay shall *not* be considered a compelling and extraordinary reason not to impose a restitution order, nor shall inability to pay be a consideration in determining the amount of a restitution order." (§ 1202.4, subd. (g).) Defendant apparently wants to extend this subdivision to cover the determination of the monthly amount of a restitution order, as she asserts that it "does not *bar* the court from considering an ability to pay" when setting the monthly payment amount. (Italics added) However, this subdivision makes clear that inability to pay is irrelevant to the determination of the amount of a restitution order. Thus, it certainly does not support her claim that a court should consider a defendant's ability to pay in setting the monthly amount.

Defendant further cites the portion of section 1203.2, subdivision (a), which states that "restitution shall be consistent with a person's ability to pay." However, section 1203.2, subdivision (a), pertains to probation supervision. It states that "[s]upervision shall not be revoked for failure of a person to make restitution imposed as a condition of supervision . . . ." (§ 1203.2, subd. (a).) This section is irrelevant to defendant's argument regarding the amount of the monthly payment.

3. *Probation Supervision Fee*

Defendant next asserts that the trial court was required to have a hearing to consider her ability to pay the probation supervision fee under section 1203.1b, subdivision (b). The probation officer recommended that the court find that defendant had the ability to pay the probation supervision fee and recommended that it order her to pay $26 a month. The court followed the probation officer's recommendation and ordered defendant to pay $26 a month. Even if the court erred by not holding a hearing to determine her ability to pay under this statute, any error was harmless, since defendant's income and expense declaration reflects that she had the ability to pay $26 a month.

4. *The Court Was Not Required to State Reasons on the Record, Pursuant to Section 1203.1b, Subdivision (b)(4)*

Defendant further claims that the monthly payment should be reduced to $40 because the court did not comply with section 1203.1b, subdivision (b)(4). This claim is meritless. Section 1203.1b, subdivision (b)(4), provides that "[w]hen the court determines that the defendant's ability to pay [the probation supervision fee] is different from the determination of the probation officer, the court shall state on the record the reason for its order." Defendant asserts that the probation department recommended that she pay all of her ordered amounts, including the probation supervision fee under section 1203.1b, in $40 monthly payments. She then states that the trial court disagreed with the probation department's recommendation and imposed a $200 monthly payment.

Defendant thus argues that the court erred in failing to state reasons for its monthly payment order, pursuant to section 1203.1b, subdivision (b)(4). However, that subdivision concerns the probation supervision fee *only*, not the total monthly payment. Furthermore, the court did not make a determination that was different from the probation officer's determination. (§ 1203.1b, subd. (b)(4).) The probation officer determined that defendant had the ability to pay the probation supervision fee pursuant to section 1203.1b and recommended that the court order her to pay $26 per month. The court followed that exact recommendation. Thus, the court was not required to state any reasons on the record, pursuant to section 1203.1b, subdivision (b)(4).

5. *The Court Properly Declined to Reduce the Monthly Payment*

Defendant argues that the court made an implied finding that she had the ability to pay $200 a month, and that this finding was unsupported by the evidence, since she only had $108.33 a month left after paying her expenses. As discussed *ante*, defendant has not established that the court was required to consider her ability to pay in setting the monthly amount. Even if the court was required to do so, defendant has not established that the court erred. The court considered defendant's income and expense declaration before declining to reduce the payment. Defendant's declaration may have indicated that she did not have $200 a month to make the payment with her current income and expenses. However, a court "is not limited to a consideration of a defendant's present financial circumstances; rather, the court may consider the future financial prospects of a defendant." (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487; see also *People v. Staley*

12

(1992) 10 Cal.App.4th 782, 785 ["Ability to pay does not necessarily require existing employment or cash on hand"].)  There was nothing in the record to suggest that defendant was unable to earn more income and/or decrease her expenses in the future.

C. *Miscellaneous Arguments*

Defendant argues that the $200 monthly payment constitutes an abuse of discretion "because it prevents [the victim] from receiving direct victim restitution she would otherwise receive if [defendant] was able to pay the monthly payment."  She claims that because the monthly payment is too high for her to pay, the order "conflicts" with the victim's interest in being made whole from restitution since "Central Collections will not accept an amount that is lower than what the court ordered."  "'[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.  [Citations.]'  [Citations.]" (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)  Defendant has not cited any legal authority to support her claims.

Finally, defendant attempts to make a prejudice argument under *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*) by claiming that:  (1) if this court decides the monthly payment should be reduced to $40 per month, "prejudice will be established because the payment would be reduced substantially by $160 a month," and she would be able to pay that amount; or (2) if this court remands the case to the trial court, "the trial court's additional consideration of her ability to pay is reasonably probable to lead to a better result for [her] . . . ."  Defendant appears to be arguing that prejudice *will be established*

13

when this court either reduces the monthly payment or remands the matter for the trial court to do so. This argument makes no sense, since prejudice must be established *before* this court can reverse or remand. (*Watson*, at p. 836 [reversal is required only if "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error"].)

In sum, the court considered the amount of the monthly payment at sentencing and at the subsequent probation review hearing, when defendant requested a reduction in the monthly payment. At sentencing, the court considered the large amount of restitution owed to the victim and specifically stated that $40 a month was not very much since defendant owed $17,000. The court also noted the victim's advanced age and wanted to make sure she would receive restitution in her lifetime. Moreover, at the probation review hearing, when defendant requested a reduction in the monthly amount, she produced her income and expense declaration. The court reviewed it and concluded, "I am not going to reduce the monthly payment. If it hurts a little, it's meant to. I mean, that is the consequence . . . of criminal behavior. It should hurt a little. The victim is hurting. They are [*sic*] missing 17,000 dollars." The court was clearly still concerned with ensuring that the victim would receive restitution. Ultimately, defendant has failed to affirmatively demonstrate error or to show that the court's reasons for not reducing the monthly payment were arbitrary or capricious.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAEL REPORTS

RAMIREZ
_____
P. J.

We concur:

RICHLI
_____
J.

MILLER
_____
J.