Filed 3/13/15  Shokohi v. Wells Fargo Bank CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| EMIL SHOKOHI,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>WELLS FARGO BANK et al,<br><br>        Defendants and Respondents. | A141708<br><br>(Alameda County<br>Super. Ct. No. RG13676587) |

Emil Shokohi filed this lawsuit against Wells Fargo Bank and two of its employees[1] after losing an earlier suit involving the same defendants.  The trial court granted Wells Fargo's special motion to strike under Code of Civil Procedure section 425.16 (the anti-SLAPP[2] motion) after it found that Shokohi's claims arose from defendants' litigation activity in the earlier case and that Shokohi was unlikely to prevail on them.  Shokohi appeals, but we affirm.

PROCEDURAL BACKGROUND
A.

Before discussing the procedural history of this case, we discuss the history of the earlier one.  That case was filed in San Luis Obispo County Superior Court in April 2012

---

[1] The two employees are Hana Dye and Aubrey Kackmarick, who changed her name to Aubrey Nash in 2013.

[2] SLAPP is an acronym for Strategic Lawsuit Against Public Participation.  Orders issued under section 425.16 are appealable.  (Code of Civ. Proc. §§ 425.16, subd. (h) and § 904.1, subd. (a)(13).)  All further statutory citations are to the Code of Civil procedure unless otherwise indicated.

1

(the April 2012 case). The complaint alleged that Wells Fargo staff improperly detained Shokohi in a branch bank after erroneously accusing him of depositing a forged check into his account. Shokohi's claims included civil rights violations, false imprisonment, and intentional infliction of emotional distress.

The court entered default judgment against Wells Fargo after Shokohi filed a proof of service showing the summons and complaint had been served on Wells Fargo, via personal service by the sheriff's agent on "Hanna Dye—Manager" on April 5, 2012. Wells Fargo quickly moved to set aside the default judgment. It argued the complaint had been improperly served and Dye had failed to process the lawsuit properly due to excusable neglect. The motion included declarations under penalty of perjury from Nash and Dye. Nash, in her declaration, identified herself as the manager of Wells Fargo's downtown San Luis Obispo branch. She declared that she received two copies of the summons and complaint by mail on April 9, 2012, but they did not include proofs of service and did not indicate that the summons and complaint had been personally delivered to Dye. Dye, in her declaration, stated that she was under extreme personal stress on April 5, 2012, the day the summons and complaint were served on her, due to a recent home burglary, had no recollection of signing a receipt for the summons, and failed to follow her customary practice of forwarding any summons she received to the Wells Fargo legal department.

The trial court granted Wells Fargo's motion to set aside default, and Wells Fargo then filed a motion for judgment on the pleadings. In November 2012, the trial court granted the motion. The judgment was subsequently affirmed on appeal by the Second District Court of Appeal.[3]

After judgment was entered by the trial court, Shokohi served Nash and Dye with special interrogatories about statements they made in their declarations supporting Wells

---

[3] See *Shokohi v. Wells Fargo Bank* (Nov. 5, 2013, B247526) [nonpub. opn.]. On appeal, Shokohi did not challenge the San Luis Obispo Superior Court's decision to set aside the default judgment.

Fargo's earlier motion to set aside the default.[4]  Wells Fargo objected to the discovery and no response was filed because the discovery was served after entry of judgment.

B.

This brings us to the procedural history of this case, which began in April 2013, when Shokohi filed suit against Wells Fargo.  Shokohi subsequently filed the operative, first amended complaint against Wells Fargo, Dye, and Nash for claims including perjury, conspiracy to commit perjury and fraud, and intentional infliction of emotional distress.  The allegations in the first amended complaint are conclusory and somewhat unclear, but Paragraph 13 states:  "Plaintiff believes and alleges that defendants were [p]ersuaded and induced to make false statement under oath by their attorney to influence judicial proceedings."

Wells Fargo responded by filing the anti-SLAPP motion.  Nash and Dye filed a motion to join it, and Shokohi opposed it.  The trial court issued a tentative ruling granting the motion, and Shokohi appeared at the hearing to contest the tentative ruling.[5] The day after the hearing, the trial court granted Nash's and Dye's motion to join in the anti-SLAPP motion and affirmed its tentative ruling striking the entire first amended complaint without leave to amend.

DISCUSSION

A.    *Section 425.16 and the Standard of Review*

Section 425.16 states, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has

---

[4] For example, special interrogatory No. 12 to Nash asked:  "Please specify . . . each and every fact upon which you stated in your Declaration of June 4, 2012[,] that 'the papers received in the mail on April 9, 2012, did not include any document called "Proof of Service." ' "  Special interrogatory No. 10 to Dye asks:  "Please list . . . each and every other MISTAKE AND/OR EXCUSABLE NEGLECT you made on April 5, 2012, due to stress at Wells Fargo Bank at 665 Marsh Street, San Luis Obispo."

[5] The hearing was not transcribed.

3

established that there is a probability that the plaintiff will prevail on the claim."
(§ 425.16, subd. (b)(1).)

As we observed in *Schwarzburd v. Kensington Police Protection & Community Services Dist. Bd.* (2014) 225 Cal.App.4th 1345 (*Schwarzburd*): " 'The phrase "arising from" . . . has been interpreted to mean that "the act underlying the plaintiff's cause" or "the act which forms the basis for the plaintiff's cause of action" must have been an act in furtherance of the right of petition or free speech.' [Citation.] 'The goal [of section 425.16] is to eliminate meritless or retaliatory litigation at an early stage of the proceedings.' [Citation.]" (*Id.* at 1350.) "Courts engage in a two-step process in determining whether a cause of action is subject to a special motion to strike under section 425.16. First, the court determines if the challenged cause of action arises from protected activity. If the defendant makes such a showing, the burden shifts to the plaintiff to establish, with admissible evidence, a reasonable probability of prevailing on the merits. [Citation.]" (*Ibid*.)

"A ruling on a section 425.16 motion is reviewed de novo. [Citation.] We review the record independently to determine whether the asserted cause of action arises from activity protected under the statute and, if so, whether the plaintiff has shown a probability of prevailing on the merits. [Citations.]" (*Schwarzburd, supra,* 225 Cal.App.4th at p. 1350.)

B.      *The Causes of Action Arise From Protected Activity and Shokohi Has
        Failed to Show a Probability of Succeeding on Them.*

Shokohi does not challenge the trial court's determination that the claims in the first amended complaint arise from protected activity. Nor could he because the record plainly reveals that the claims arise from litigation activity by Wells Fargo and its employees in defending the April 2012 case. Specifically, the causes of action for perjury, subornation of perjury, conspiracy with employer to commit perjury, conspiracy to defraud and intentional infliction of emotional distress are all based on the declarations submitted by Nash and Dye in support of Wells Fargo's motion to set aside default in the April 2012 case. As such, those causes arise from protected activity. (See *Briggs v. Eden*

4

*Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1117 [written statement made before judicial proceeding, or in connection with an issue under consideration or review by judicial body, protected as act in furtherance of person's constitutional right of petition or free speech in connection with a public issue under section 425.16, subdivision (e)(1)-(2) and requires no separate showing statement concerned issue of public significance].)

Because Shokohi does not challenge the trial court's determination under the first prong of the analysis, we turn to the second prong to examine whether Shokohi has met his burden of showing that his claims have a probability of success even though they arise out of protected activity. Shokohi argues that he should be relieved from having to show a probability of success now because the trial court should have allowed him to conduct discovery before it ruled on the anti-SLAPP motion. We are not persuaded.

While the filing of an anti-SLAPP motion stays all discovery proceedings, the trial court retains authority "on noticed motion and for good cause shown" to order "specified discovery be conducted" despite the stay. (§ 425.16, subd. (g).) To meet the good-cause requirement, the plaintiff must show " 'that a defendant or witness possesses evidence needed by plaintiff to establish a prima facie case.' [Citation.] The showing should include some explanation of 'what additional facts [plaintiff] expects to uncover . . . .' [Citations.] Only in these circumstances is the discretion under section 425.16, subdivision (g) to be 'liberally exercise[d].' [Citation.] *Discovery may not be obtained merely to 'test' the opponent's declarations.* [Citation.]" (*1-800 Contacts, Inc. v. Steinberg* (2003) 107 Cal.App.4th 568, 593 (*1-800 Contacts*), italics added.) Moreover, "an order denying a motion to permit discovery, notwithstanding section 425.16, subdivision (g)'s general discovery stay, is subject to review for abuse of discretion. [Citation]." (*Ibid.*)

Shokohi filed a motion for specified discovery under section 425.16, subdivision (h) on April 9, 2014, and noticed the hearing for April 17, 2014, the same day the hearing was scheduled for the anti-SLAPP motion. The trial court's written orders following the April 17 hearing did not address Shokohi's motion for specified discovery, and the April 17 hearing was not transcribed by a court reporter or recorded in any form.

5

Accordingly, since the record provides no indication otherwise, we assume that the trial court impliedly resolved the motion for discovery against Shokohi under "the usual presumption that official duty has been regularly performed. (Evid. Code, § 664.)" (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1486; see also *Ross v. Superior Court* (1977) 19 Cal.3d 899, 913 ["scores of appellate decisions, relying on this provision [Evid. Code, § 664], have held that 'in the absence of any contrary evidence, we are entitled to presume that the trial court . . . properly followed established law' "]; *Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1451 ["we . . . presume the [trial] court considered every pertinent argument and resolved each one consistently with its minute order denying the preliminary injunction"].)

The trial court's implied denial of Shokohi's motion for discovery was not an abuse of discretion because the motion failed to meet the "good cause" requirement under section 425.16. Shokohi's motion does not identify evidence possessed by Wells Fargo, Nash, or Dye, but instead merely seeks to propound interrogatories and depose Nash and Dye to test the declarations they submitted in support of Wells Fargo's motion to set aside default in the April 2012 case. Discovery "may not be obtained" for such purposes under section 425.16, subdivision (g). (*1-800 Contacts, supra,* 107 Cal.App.4th at p. 593.) Thus, no error appears.

Because we are unable to relieve Shokohi of his burden to have shown that his claims were likely to succeed—a burden he essentially concedes he failed to satisfy—we must affirm the trial court's ruling. Furthermore, and in any event, Shokohi has failed to show how, even if he were to have obtained discovery, he could have prevailed on his claims in light of the absolute litigation privilege afforded by Civil Code section 47, subdivision (b)(2). (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 215 ["To effectuate its vital purposes" the litigation privilege is absolute and "immunize[s] defendants" from all tort liability except claims of malicious prosecution].)

In sum, after independently reviewing the record, we conclude the causes of action asserted by Shokohi in his first amended complaint arise from activity protected under section 425.16, and he has failed to show a probability of prevailing on the merits of

6

those claims.  (See *Schwarzburd, supra,* 225 Cal.App.4th at p. 1350.)  Thus, the trial court's orders granting Wells Fargo's anti-SLAPP motion must be affirmed.

DISPOSITION

The trial court's orders granting defendants' special motion to strike are affirmed. Appellant Shokohi shall bear costs on appeal.


_____
Humes, P.J.


We concur:


_____
Margulies, J.


_____
Dondero, J.