Filed 5/19/16  P. v. Howard CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HILTON MONTELL HOWARD,<br><br>    Defendant and Appellant. | B269510<br><br>(Los Angeles County<br>Super. Ct. No. BA373315) |

APPEAL from an order of the Superior Court of Los Angeles County, Jose I. Sandoval, Judge.  Affirmed.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Hilton Montell Howard (Howard) argues that the trial court abused its discretion in denying his petition/motion to vacate a $6,000 restitution fine.  We disagree and, accordingly, affirm the trial court's decision.

## BACKGROUND

### I.    Howard's Conviction and Prior Appeal

In March 2011, a jury convicted Howard of second degree robbery (Pen. Code, § 211[1]).  The trial court sentenced Howard to 25 years to life as a "third strike" offender (§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), adding an additional five years for having been previously convicted of a serious felony (§§ 667, subd. (a)(1)), for a total of 30 years to life.  In addition, the court ordered Howard to pay a restitution fine of $6,000 (§ 1202.4, subd. (b)).[2]  Howard subsequently appealed his conviction, but not the restitution fine.  In December 2012, we affirmed Howard's conviction in case No. B234095.

### II.    Howard's Current Appeal

On September 15, 2015, Howard filed a petition for writ of error *coram nobis* with the trial court, arguing that the trial court abused its discretion because it did not consider Howard's "ability to pay" the fine.  Howard did not argue that it was impossible for him to pay the fine out of his future earnings; instead, he argued only that he was currently

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] At the time of sentencing, section 1202.4 allowed the trial court to set a restitution fine at any amount between $200 and $10,000.  (former § 1202.4, subd. (b)(1); see *People v. Holman* (2013) 214 Cal.App.4th 1438, 1452, fn. 3.)  In addition, the statute offered trial courts a formula by which to set a restitution fine:  "In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."  (former § 1202.4, subd. (b)(2).)  As applied to Howard, this formula would yield a fine of $6,000 ($200 minimum fine x 30 years of imprisonment x one felony count = $6,000).

"unassigned" to any wage-earning job in prison and that there was no guarantee that he would ever work in prison—"whether any prisoner makes 'any' wages at all is speculative, at best."

On September 18, 2015, although the trial court found the writ petition was procedurally flawed, it elected nonetheless to consider Howard's petition as a motion to set aside the fine. Noting that section 1202.4, subdivision (c) provides that a defendant's inability to pay "'shall not be considered a compelling and extraordinary reason not to impose a restitution fine,'" and noting further the absence of any evidence that Howard would not be able to pay the fine out of his future earnings, the trial court denied the petition/motion. In support of its ruling, the trial court cited case law holding that under such circumstances, "the court is entitled to presume [that] the defendant will pay the restitution out of future earnings. (See *People v. Frye* (1994) 21 Cal.App.4th 1483, 1486–1487; *People v. Urbano* (2005) 128 Cal.App.4th 396, 405.)

On October 7, 2015, Howard filed a notice of appeal. On March 4, 2016, we appointed counsel to represent Howard, and, after examining the record, counsel filed an opening brief raising no issues and asking this court to review independently the record in this case. On March 8, 2016, we advised Howard that he had 30 days in which to submit any contentions or issues that he wished us to consider. To date, we have not received a substantive response.

We have examined the entire record and are satisfied that Howard's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:


ROTHSCHILD, P. J.          CHANEY, J.

3