Filed 12/10/25  P. v. Sermeno CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LARRY ALTAMIRANO SERMENO,<br><br>    Defendant and Appellant. | C102419<br><br>(Super. Ct. No. 24CF02944) |

Defendant Larry Altamirano Sermeno pleaded no contest to possession of a controlled substance with a qualifying prior and was sentenced to 16 months in state prison and various assessments and fines.

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant now contends the trial court violated his rights to due process, equal protection, and the prohibition against excessive fines when it imposed the assessments and fines without first holding an ability to pay hearing.  Alternatively, he contends trial counsel was ineffective for failing to object and request a hearing.

As we next explain, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2024, defendant made approximately nine calls to 9-1-1. Medical personnel responded and determined defendant did not require medical services. Defendant was arrested, and during a search incident to that arrest, police officers found .22 grams of cocaine in his wallet.

The People subsequently charged defendant with possessing a controlled substance with a qualifying prior conviction (Health & Saf. Code, § 11350, subd. (a)) and making unlawful calls to 911 (Pen. Code, § 356x, subd. (a)).[1] The People also alleged defendant was previously convicted of a strike offense. Defendant pleaded no contest to possessing a controlled substance. In exchange for the plea, the People moved the trial court to dismiss the remaining charge and allegation; the court granted the People's motion.

The probation department subsequently submitted a report recommending defendant be sentenced to the upper term of three years in prison. According to that report, defendant was 30 years old. He was in "fair" health and received his GED in 2013. He identified his job skills as "concrete, landscaping, legal research, legal writing, communication, production, and customer service." He was previously employed but was not working at the time of his arrest because he was "participating in recovery services and suffering from alcoholism."

Defendant reported to the probation department that he intended to go back to school, but was currently looking for a job. He also said he was working with a real estate agent to buy a house; she was helping him to establish his credit and income. With the help of his mother and a sponsor, he was working to get sober. Overall, the probation

---

[1] Further undesignated statutory references are to the Penal Code.

department determined defendant was "able-bodied with marketable job skills; and therefore, he should be capable of complying with the financial consequences of his conviction."

At sentencing, the trial court imposed the low term of 16 months in state prison. The court terminated defendant's probation in an unrelated matter and ordered him to pay fines and fees including a $300 restitution fine (Pen. Code, § 1202.4), a $300 parole revocation fine, stayed (*id*., § 1202.45), a $40 court operations assessment (*id*., § 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). The court found defendant had no ability to pay attorney fees and awarded him 120 days of custody credit.

Defendant filed a timely notice of appeal; the trial court denied his request for a certificate of probable cause.

## DISCUSSION

Defendant claims the assessments, restitution fine, and parole revocation fine imposed by the trial court without first holding an ability to pay hearing violated his rights to due process, equal protection, and the Eighth Amendment prohibition against excessive fines. Defendant has forfeited these claims by failing to raise them in the trial court.

In general, a defendant who fails to request an ability to pay hearing based on *Dueñas* forfeits the issue on appeal. (See, e.g., *People v. Greeley* (2021) 70 Cal.App.5th 609, 624 [failure to request ability-to-pay hearing during sentencing forfeited *Dueñas* issue].) The same principle applies to defendant's constitutional claims. (See, e.g., *People v. McCullough* (2013) 56 Cal.4th 589, 592-593 [constitutional challenge to booking fee forfeited]; *People v. Torres* (2019) 39 Cal.App.5th 849, 860, & fn. 4 [excessive fines claim forfeited in absence of timely objection].) " ' "[N]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In*

3

*re Sheena K.* (2007) 40 Cal.4th 875, 880-881.) We decline to review these forfeited claims.

Defendant also argues his trial counsel provided ineffective assistance in failing to request an ability to pay hearing or otherwise object to the fines and assessments on constitutional grounds. To establish a claim of ineffective assistance of counsel, a defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant, meaning there is a "reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).)

On direct appeal, a conviction will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Mai*, *supra*, 57 Cal.4th at p. 1009.)

Defendant has not met his burden to establish ineffective assistance here. His counsel did not provide any reasons for failing to request an ability-to-pay hearing or failing to object to the minimum fines and fees; the record, however, reveals an obvious tactical reason for the failures. The record reveals defendant's clear ability to work and make money. He was 30 years old at the time of sentencing and had obtained his GED. He had job skills in concrete and landscaping, had previously held jobs, and had support in his quest to achieve sobriety. He was planning to go back to school in order to learn new job skills and he was actively working with a real estate agent to buy a house. He was sentenced to only 16 months in prison, and the probation department opined that he was capable of complying with the financial consequences of his conviction.

Under the circumstances, defense counsel reasonably could have determined the trial court was highly unlikely to find an inability to pay the fines and fees imposed. (See, e.g., *People v. Kramis* (2012) 209 Cal.App.4th 346, 350 [a trial court may consider a defendant's future earning capacity when determining inability to pay]; *People v. Frye* (1994) 21 Cal.App.4th 1483, 1487 [when imposing fees and fines, a trial court can consider a defendant's present financial circumstances and "future financial prospects"].)

Because defendant failed to show there is no satisfactory explanation for trial counsel's failure to object and request an ability to pay hearing, his claim of ineffective trial counsel fails. (*Mai*, *supra*, 57 Cal.4th at p. 1009; see also *People v. Kelly* (1992) 1 Cal.4th 495, 520 [generally, "failure to object is a matter of trial tactics as to which we will not exercise judicial hindsight"; rejecting claims of ineffective assistance based on failure to object " 'unless there simply could be no satisfactory explanation' "].)

DISPOSITION

The judgment is affirmed.

/s/  
Duarte, Acting P. J.

We concur:

/s/  
Renner, J.

/s/  
Boulware Eurie, J.