Filed 12/11/15  P. v. Noble CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESSE KENNETH NOBLE,<br><br>    Defendant and Appellant. | H040844 & H040845<br>(Santa Clara County<br>Super. Ct. Nos. C1351206 &<br>C1114402) |

Defendant Jesse Kenneth Noble appeals a judgment entered following his plea of no contest to inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a)), and driving under the influence (Veh. Code, § 23152, subd. (a)).

On appeal, defendant asserts that two of his probation conditions should be modified to add a knowledge requirement.  Defendant also argues his trial counsel was ineffective for failing to object to the court's imposition of probation supervision fees without first determining his ability to pay the fees pursuant to Penal Code section 1203.1b.

## STATEMENT OF THE CASE[1]

There are two separate cases underlying this appeal. Case No. C1351206 involves domestic violence, and case No. C1114402 involves driving under the influence.[2]

In case No. C1351206, defendant pleaded no contest to inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a)), and admitted he inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) and committed the crime while out of custody on bail (Pen. Code, § 12022.1).

The court suspended imposition of sentence, placed defendant on three years formal probation, and ordered defendant to serve one year in the county jail. As a condition of probation, the court ordered that defendant "shall not possess any item that under the law would be considered a deadly or dangerous weapon," and "shall not possess or use illegal drugs or illegal controlled substances or go anywhere he knows illegal drugs or non-prescribed controlled substances are used or sold." The court ordered defendant to pay $878.00 in fines and fees, of which $30.00 was for a probation supervision fee.

In case No. C1114402, defendant pleaded no contest to driving while under the influence (Veh. Code, § 23152, subd. (a)), and admitted that he willfully refused to submit to a chemical test (Veh. Code, § 23577, subd. (a)) and had a prior drunk driving conviction.

The court suspended imposition of sentence, placed defendant on five years formal probation, and ordered defendant to serve eight months in the county jail, concurrent with the jail time imposed in the domestic violence case. As a condition of probation, the court ordered: "The Defendant is not to possess or consume alcohol or

---

[1] The underlying facts are omitted because they are not relevant to the issues on appeal.

[2] We ordered the two cases consolidated for briefing, argument and disposition.

2

illegal controlled substances or knowingly go to places where alcohol is a primary item of sale." The court ordered defendant to pay $930.00 in fines and fees, of which $100.00 was for a probation supervision fee.

A timely notice of appeal was filed in both cases.

## DISCUSSION

On appeal, defendant asserts that his probation conditions should be modified to include a knowledge requirement. Defendant also argues that the probation supervision fees were improperly imposed, because the court did not make a determination as to his ability to pay the fees as required by Penal Code section 1203.1b.

### *Probation Conditions*

Defendant challenges two of his probation conditions. In the domestic violence case, the court ordered that defendant "shall not possess any item that under the law would be considered a deadly or dangerous weapon." In the DUI case, the court ordered: "The Defendant is not to possess or consume alcohol or illegal controlled substances or knowingly go to places where alcohol is the primary item of sale." Defendant argues both conditions are vague, and should be modified to add a knowledge requirement.

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' (*People v. Castenada* (2000) 23 Cal.4th 743, 751.) The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' (*ibid.*), protections that are 'embodied in the due process clauses of the federal and California Constitutions. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).' (*Ibid.*)" (*Ibid.*)

3

As to the condition imposed in the domestic violence case, the Attorney General concedes that as stated, the condition is vague and should be modified to require that defendant shall not "knowingly possess any item that under the law would be considered a deadly or dangerous weapon." We accept the Attorney General's concession, and modify the condition accordingly.

In addition, as to the probation condition in the DUI case, the Attorney General concedes that the prohibition against the consumption of alcohol is vague and should be modified to include a knowledge requirement; however, the Attorney General disputes the necessity of a knowledge requirement for the drug condition.

We accept the Attorney General's concession regarding the portion of the condition that prohibits the consumption of alcohol. With regard to the second half of the condition that prohibits the consumption of drugs, we find that absent a requirement that defendant know he is disobeying the condition, he is vulnerable, and unfairly so, to punishment for unwitting violations of it. (See *People v. Lopez* (1998) 66 Cal.App.4th 615, 628-629.) Therefore, we also add a knowledge requirement to the portion of the condition that prohibits the consumption of drugs.

### *Probation Supervision Fees*

Defendant argues that the court erred in imposing probation supervision fees in his two cases, because it did not evaluate and determine his ability to pay the fees as required under Penal Code section 1203.1b.

In the domestic violence case, the probation department recommended that the court impose a fee not to exceed "$110.00" per month. The court imposed a fee of $30.00 per month. In the DUI case, the probation office also recommended a fee not to exceed $110.00 per month. The court imposed a fee of $100.00 per month, to run concurrent to the fees in the domestic violence case. As to the imposition of probation

4

supervision fees, the court did not make a determination of defendant's ability to pay, and defense counsel did not object.

Because defendant's attorney did not object to the imposition of the probation fees below, under *People v. Trujillo* (2015) 60 Cal.4th 850 (*Trujillo*), the issue is waived for the purpose of appeal.  In *Trujillo*, the Supreme Court found that defense counsel's failure to object to the imposition of probation supervision fees in the trial court waived the issue for appeal.  The court stated:  "Represented by counsel, defendant made no objection at sentencing to the amount of probation-related fees imposed or the process, or lack thereof, by which she was ordered to pay them; nor does the record contain any indication defendant later raised the question of her ability to pay in the probation department or the sentencing court. No reason appears why defendant should be permitted to appeal the sentencing court's imposition of such fees after having thus tacitly assented below.  (*Id.* at pp. 858-859.)

Defendant argues that he suffered ineffective assistance of counsel, because his trial counsel did not object to the imposition of fees in this case and the issue was forfeited.  In order to establish a claim of ineffective assistance of counsel, a defendant bears the burden of demonstrating both that counsel's performance fell below an objective standard of reasonableness (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688) and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  (*Id.* at p. 694; *People v. Ledesma* (2006) 39 Cal.4th 641, 746.)  " ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged [,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there could simply be no satisfactory explanation," the claim on appeal must be rejected.' "  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

5

Here, defendant asserts that there could have been no tactical reason for his counsel not to object to the imposition of the probation supervision fees. He argues that his counsel was aware that he was unable to work for an extensive period of time because at the time of the sentencing in the DUI case, defendant was already serving a one-year term in the domestic violence case. Defendant further argues that with this knowledge, his counsel should have objected to the fees imposed in the domestic violence case, and should not have agreed to the imposition of concurrent fees in the DUI case.

The facts cited by defendant do not establish that his counsel's performance was deficient for failing to object. "Ability to pay does not necessarily require existing employment or cash on hand." (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.) The trial court may consider the defendant's ability to pay in the future. (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.) The record shows that defendant was a trained and certified sheet metal worker and was employed through the local union, and had plans to start his own business. Defense counsel and the trial court may have been mindful of this potential income source at sentencing when considering defendant's ability to pay the probation supervision fee. (See *People v. Gentry, supra,* at pp. 1377-1378; *People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.)

An attorney does not provide deficient performance by failing to make an objection that counsel determines would be futile or unmeritorious. (See *People v. Price* (1991) 1 Cal.4th 324, 387.) Because defense counsel in this case may have reasonably determined the court would find that his client had the ability to pay the probation supervision fees, the record on appeal does not support a claim that defense counsel's performance was deficient.

In addition, defendant fails to show prejudice because although his attorney did not object to the fees, he is not wholly without recourse. (See *Trujillo, supra*, 60 Cal.4th at p. 860.) Penal Code section 1203.1b, subdivision (c) authorizes the trial court to hold

6

additional hearings to review a defendant's ability to pay fees and allows the probationer to petition the probation officer and the court for such review. (Pen. Code, § 1203.1b, subds. (c) & (f).)

Accordingly, we find that defendant did not suffer ineffective assistance of counsel by his attorney's failure to object to the imposition of probation supervision fees.

## DISPOSITION

In case No. C1351206 (domestic violence case), the probation condition is modified to read: "The defendant shall not knowingly possess any item that under the law would be considered a deadly or dangerous weapon."

In case No. C1114402 (DUI case), the probation condition is modified to read: "The defendant is not to knowingly possess or consume alcohol or illegal controlled substances or knowingly go to places where alcohol is the primary item of sale."

As modified, the judgment is affirmed.

_____
                                    RUSHING, P.J.

I CONCUR:

_____
               MÁRQUEZ, J.

*People v. Noble*
**H040844 & H040845**

Grover, J., Concurring

I concur in modifying the probation condition challenged in case No. C1351206 (domestic violence case) to add an express knowledge element with language suggested by the Attorney General. Respectfully, I note my view that the purpose of the modification is to ensure defendant's awareness of the nature of the item possessed. As I discuss below, the general principle that a probation violation must be shown to be willful protects defendant from revocation based on unwittingly possessing a prohibited item.

I am also able to concur in modifying the probation condition challenged in case No. C1114402 (DUI case) because there is no practical harm in adding further express knowledge to that condition, and the Attorney General does not object to such a modification. That practicality notwithstanding, I write separately to express my view that modification is not *required* in the DUI case based on the reasoning of *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*) and *People v. Cervantes* (2009) 175 Cal.App.4th 291 (*Cervantes*).

In *Rodriguez*, a different panel of this court considered whether a condition prohibiting the use or possession of "alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician" was unconstitutionally vague (*id.* at p. 583), and concluded that the generic category of "intoxicants" is susceptible of different interpretations which "may include common items such as adhesives, bath salts, mouthwash, and over-the-counter medicines." (*Id.* at p. 594.) As a result, we added an express knowledge element to the *Rodriguez* condition. But the term "intoxicants" which necessitated that modification is not present here. As in *Rodriguez*, I find the term alcohol by itself " 'sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated … .' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

9

I also find no infirmity with regard to whether a violation would require willful conduct.  Here, the trial court has identified the need for defendant's express knowledge in connection with its prohibition on "knowingly go[ing] to places where alcohol is the primary item of sale."  While there is no harm in modifying the remainder of the condition to refer also to defendant not "knowingly" possessing or consuming alcohol, I note the general principle that a court "may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation[]' [Citation.]" (*Cervantes, supra,* at p. 295).  That principle adequately protects defendant from revocation based on an unwitting violation, making it unnecessary to add a second express knowledge reference in the DUI condition.

_____
Grover, J.

I CONCUR.


_____
Márquez, J.

*People v. Noble*
H040844 & H040845

11