Filed 5/5/21  P. v. Cooper CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DA'SHAWN DENZEL COOPER,<br><br>        Defendant and Appellant. | A160333<br><br>(Alameda County<br>Super. Ct. No. 174871) |

Da'Shawn Denzel Cooper challenges a $5,000 restitution fine (Pen. Code, § 1202.4, subd. (b)) imposed by the trial court at his resentencing hearing.  Cooper contends the fine should be reduced to the statutory minimum because he lacks "the present or future ability to pay" the fine.

We reject that argument but order the trial court to correct several clerical errors in the sentencing minute order and indeterminate abstract of judgment.  As modified, we affirm the judgment.[1]

_____

[1] Undesignated statutory references are to the Penal Code.  We incorporate by reference our unpublished opinion in Cooper's prior appeal, *People v. Cooper* (Mar. 28, 2018, A151872).  We augment the record on our own motion to include the April 23, 2020 indeterminate abstract of judgment issued after resentencing.

1

BACKGROUND

In 2013, Cooper "approached a parked car and opened fire on its four occupants with a semiautomatic pistol, killing one of them." (*People v. Cooper, supra,* A151872.) A jury convicted Cooper of eight felonies, including second degree murder, and found true several firearm enhancement allegations. In 2016, the court sentenced Cooper to 78 years to life in state prison and, as relevant here, imposed a $10,000 restitution fine (§ 1202.4, subd. (b)).

Cooper appealed. We conditionally reversed the judgment and remanded to the juvenile court to hold a transfer hearing "in accordance with Proposition 57." (*People v. Cooper, supra,* A151872.) If the juvenile court determined Cooper should be transferred to adult court, the judgment would be reinstated and the court was ordered to hold a new sentencing hearing to "exercise its discretion under sections 12022.5, subdivision (c), and 12022.53, subdivision (h)." (*Ibid.*)

The juvenile court held a transfer hearing and determined the matter should be adjudicated in adult court. At the March 13, 2020 resentencing hearing, defense counsel urged the court to waive the section 1202.4 restitution fine—or impose the $300 statutory minimum—because Cooper had not "finished school . . . and had no income outside of Social Security payments." At the time of the resentencing hearing, Cooper was 23 years old and physically able.

The court reduced the restitution fine from $10,000 to $5,000 (§ 1202.4, subd. (b)).[2] Then the court exercised its discretion on the firearm

---

[2] At Cooper's request, and without objection from the prosecution, the court waived the criminal conviction (Gov. Code, § 70373) and court operations assessments (§ 1465.8), as well as the probation investigation fee (§ 1203.1b), based on a finding that Cooper was "indigent." As described

2

enhancements and reduced Cooper's sentence from 78 years to life to 51 years, four months to life in state prison.

DISCUSSION

The sole issue on appeal is the amount of the restitution fine. Section 1202.4 requires a trial court to impose a restitution fine where the defendant has been convicted of a felony unless there are compelling and extraordinary reasons for not imposing the fine and the court states those reasons on the record. (§ 1202.4, subd. (b).) The amount of the fine—$300 to $10,000—is within the court's discretion and should be commensurate with the seriousness of the offense. (§ 1202.4, subd. (b)(1).)

In setting the amount of the fine in excess of the statutory minimum, the trial court may consider the "defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, . . . , the extent to which any other person suffered losses as a result of the crime, and the number of victims involved . . . . Consideration of a defendant's inability to pay may include his . . . future earning capacity. A defendant shall bear the burden of demonstrating his . . . inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required." (§ 1202.4, subd. (d); *People v. Potts* (2019) 6 Cal.5th 1012, 1056–1057.)

Cooper concedes a trial court may consider a defendant's present and future ability to pay—including a defendant's ability to earn wages while serving a prison sentence—when setting the amount of the section 1202.4 restitution fine. (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487; *People v.*

---

below, we order the sentencing minute order and indeterminate abstract of judgment modified to conform to the court's oral pronouncement of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

*Santos* (2019) 38 Cal.App.5th 923, 934.)  But according to Cooper, the amount of the restitution fine should be reduced from $5,000 to the statutory minimum because he is "indigent" and "will never earn enough money while in prison to pay" the fine.

We are not persuaded.  It was reasonable for the trial court to infer Cooper had the ability to pay the restitution fine during his lengthy prison sentence "from probable future wages, including prison wages.  [Citation.] Prison wages range from $12 to $56 per month, depending on the prisoner's skill level.  [Citations.]  The state may garnish between 20 and 50 percent of those wages to pay the section 1202.4, subdivision (b) restitution fine." (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061, 1076–1077 [inferring the defendant had ability to pay statutory maximum restitution fine from probable prison wages].)  Cooper's speculative assertion that his lack of formal schooling and technical expertise will render him unable to work in prison is unavailing.  (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139.)

Cooper's claim that he could not pay the restitution fine did not compel the trial court to impose the statutory minimum, particularly in light of the seriousness and gravity of the offenses he committed, " 'and the harm he caused to the victim' " and the victim's family.  (*People v. Potts, supra,* 6 Cal.5th at p. 1057.)  The trial "court was permitted to conclude that the monetary burden the restitution fine imposed on [Cooper] was outweighed by [these] considerations." (*Ibid.*)

We conclude the court did not abuse its discretion by ordering Cooper to pay a $5,000 restitution fine pursuant to section 1202.4, subdivision (b), but we order the correction of several clerical errors in the sentencing minute order and indeterminate abstract of judgment as set forth below.

4

## DISPOSITION

We order the trial court to amend the March 13, 2020 sentencing minute order and the April 23, 2020 indeterminate abstract of judgment to state that:

    (1) the criminal conviction assessment (Gov. Code, § 70373); court operations assessment (§ 1465.8); and the probation investigation fee (§ 1203.1b), are waived;

    (2) the restitution fine (§ 1202.4, subd. (b)) is $5,000; and

    (3) the parole revocation restitution fine (§ 1202.45) is $5,000 and is suspended pending successful completion of parole.

The court is ordered to send a certified copy of the amended indeterminate abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

5

_____

Rodriguez, J.*

WE CONCUR:


_____

Needham, Acting P. J.


_____

Burns, J.


A160333


_____

    * Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.