Filed 2/23/22  P. v. Awwad CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>VIVIAN MARIE AWWAD,<br><br>        Defendant and Appellant. | A162622<br><br>(Alameda County<br>Super. Ct. No. 20CR002854) |

Vivian Marie Awwad appeals from convictions of possession for sale of methamphetamine and fraudulent possession of personal information.  She contends the trial court improperly imposed a probation condition requiring her to submit to warrantless searches of her electronic devices.  She also maintains she received ineffective assistance of counsel due to her attorney's failure to object to the fees, fines, and assessments imposed by the court, and failure to request an ability to pay hearing.  In supplemental briefing, she further contends two fees imposed under former Penal Code[1] section 1203.1ab must be vacated pursuant to recently effective legislation.  We conclude the challenged probation condition must be stricken and any

_____

[1] Subsequent statutory references will be to the Penal Code except as otherwise specified.

1

balance owed on the section 1203.1ab fees must be vacated, and the probation conditions requiring payment of such fees must be stricken.

## BACKGROUND

On February 16, 2020, Awwad was stopped by a police officer who observed the vehicle she was driving lacked a front license plate. Her passenger had a probation search condition and a felony warrant. A search of the passenger compartment revealed a glass methamphetamine pipe, a digital scale, 7.6 ounces of methamphetamine in a bag containing indicia belonging to Awwad, multiple wallets with credit cards belonging to different people, mail copies of social security cards, drivers' licenses, credit card statements, temporary checks and identification cards that did not belong to Awwad, and at least 50 keys on multiple key rings that appeared to belong to USPS mailboxes. The officer also found a driver's license, later determined to be fraudulent, with Awwad's picture, but a different name. Awwad spontaneously told the officer that she had been involved in identity theft and told a female officer she had 0.5 grams of methamphetamine in her bra. She denied the large amount of methamphetamine was hers.

Awwad was charged by a complaint filed on February 19, 2020, with three felonies—possession for sale of methamphetamine (Health & Saf. Code, § 11378), transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), and forgery (§ 470, subd. (b))—and six misdemeanors— three counts of fraudulent possession of personal information (§ 530.5, subd. (c)(1)), and one count each of receiving stolen property (§ 496, subd. (a)), possession of burglary tools (§ 466), and possession of an injection/ingestion device (Health & Saf. Code, § 11364, subd. (a)). It was further alleged that Awwad had previously been convicted of possession for sale of a controlled substance (Health & Saf. Code, § 11378), for which she received probation.

On January 19, 2021, Awwad entered a plea of no contest to counts 1 and 5, felony possession for sale of methamphetamine and one count of misdemeanor fraudulent possession of personal information, with all other charges and special allegations dismissed. The negotiated disposition provided for Awwad to be placed on two years felony probation with no state prison and a four-month ceiling on jail time as long as she did not violate probation. The terms of the plea deal included that Awwad would be subject to a "four-way search clause" (vehicle, residence, person, property) and would be ordered to pay a restitution fund fine.

On April 14, 2021, Awwad was placed on probation for two years in accordance with the negotiated plea agreement, except that the court added—over defense objection—an electronic search condition requiring her to "provide all passwords upon request." The court imposed a restitution fine of $300 (§ 1202.4, subd. (b)(1)), drug program fee of $100 (Health & Saf. Code, § 11372.7), criminal lab analysis fee of $50 (Health & Saf. Code, § 11372.5), court operations assessment of $80 (§ 1465.8, subd. (a)(1)), and criminal conviction assessment of $60 (Gov. Code, § 70373). The court also ordered Awwad to pay a drug test fee of $7.17 and drug lab analysis fee of $21.51 (former § 1203.lab). A $300 probation revocation restitution fine was stayed pending successful completion of probation.

This appeal followed.

## DISCUSSION

### I.

Awwad contends the electronic search condition was invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and unconstitutionally overbroad. We review the former claim for abuse of discretion (*In re Ricardo P.* (2019)

7 Cal.5th 1113, 1118 (*Ricardo P.*)) and the latter de novo (*In re J.B.* (2015) 242 Cal.App.4th 749, 754).

" 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." ' (*Lent*, *supra*, 15 Cal.3d at p. 486, quoting *People v. Dominguez* (1967) 256 Cal.App.2d 623, 627.) *Lent* contemplates a case-by-case assessment taking into account the relationship between the offender's crime, the terms of the challenged condition, and its relation to the probationer's future criminality. A condition will not be invalidated as unreasonable unless all three of *Lent*'s criteria are satisfied. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)" (*People v. Bryant* (2021) 11 Cal.5th 976, 983–984 (*Bryant*).)

When the trial court stated its intention to impose the electronic search because Awwad's conviction was for fraudulent possession of personal identifying information of another person, defense counsel objected that the plea agreement called for only a "four-way" search and that the condition was not related to the offense, which was based on items found in her possession, with no indication she used any electronic devices. The prosecutor stated that electronic devices were used, pointing to the fraudulent driver's license bearing Awwad's photograph, but someone else's name. The trial court responded, "During the stop, the following was found, besides the methamphetamine and scales: Multiple wallets, different credit cards, checks, ID cards, credit card statements, driver's license, social security cards belonging to different individuals. [¶] Those are often used through the Internet to purchase items. The court believes it's appropriate and

4

reasonably related to the overall offense of a 530.5(c)(1), and I do intend to impose it."

The Attorney General's brief on this appeal does not argue the electronic search condition is reasonably related to Awwad's offense under the second prong of the *Lent* test. The first prong of the test is obviously satisfied, as the electronic search condition relates to conduct that is not in itself criminal. Accordingly, the only issue presented is whether the condition is valid because it is reasonably related to future criminality.

Our Supreme Court summarized the requirements of this third prong of the test in *Bryant*, *supra*, 11 Cal.5th at pages 984–985: " '*Lent*'s third prong requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality.' (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1121.) Specifically, a probation condition cannot be justified solely on the basis that it enhances the effective supervision of the probationer without regard for the burden it places on the probationer. (*Id.* at pp. 1122, 1125.) Rather, the 'requirement that a probation condition must be " 'reasonably related to future criminality' " contemplates a degree of proportionality' between the burden imposed by the condition and the legitimate interests the condition serves. (*Id.* at p. 1122.) We concluded that '[s]uch proportionality [was] lacking' based on the record. (*Ibid.*) Ricardo P.'s electronics search condition 'impose[d] a very heavy burden on privacy with a very limited justification.' (*Id.* at p. 1124.) '[N]othing in the record suggest[ed] that Ricardo ha[d] ever used an electronic device or social media in connection with criminal conduct.' (*Id.* at p. 1122.) Because the burden imposed on Ricardo's privacy was 'substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society' (*id.* at p. 1119), and because the first two *Lent* criteria were also

satisfied, the condition was held invalid ([*Ricardo P.*,] at p. 1124). We cautioned, however, that '[o]ur holding does not categorically invalidate electronics search conditions. In certain cases, the [defendant's] offense or personal history may provide the . . . court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the [defendant] from future criminality.' (*Id.* at pp. 1128–1129.)" (*Bryant*, at pp. 984–985.)

Nothing in the record indicates that Awwad's current or past offenses involved use of electronic devices. The trial court imposed the electronic search condition not because of any conduct specific to Awwad, but because, in the court's view, the nature of her offenses made it likely that she had or would use stolen personal identifying information online. Logical as this assumption may be, it is speculative in this case. For an electronic search condition to survive the third prong of the *Lent* analysis, "there must be information in the record establishing a connection between the search condition and the probationer's criminal conduct or personal history—an actual connection apparent in the evidence, not one that is just abstract or hypothetical. (*Ricardo P., [supra,* 7 Cal.5th] at pp. 1120–1121.)" (*In re Alonzo M.* (2019) 40 Cal.App.5th 156, 166.) Electronic search conditions based on generalizations and assumptions about a defendant's likely behavior are not sufficient.

For example, *In re David C.* (2020) 47 Cal.App.5th 657, 663–664, invalidated an electronic search condition that required minor to provide all passwords and access codes to the probation officer if his sex offender treatment provider determined monitoring of his Internet accounts was therapeutically necessary. There was nothing in the record suggesting the minor's offenses involved any use of electronics; the justification for the

6

condition offered by the prosecution was "only a general statement that minors in sex offender treatment are typically subject to such search conditions so that 'we . . . have the ability to see what they're looking at on the Internet.'" (*Id.* at p. 663.) In *People v. Cota* (2020) 45 Cal.App.5th 786, 791, an electronics search condition was invalidated because it was "premised on a general assumption that drug users routinely negotiate drug purchases with their phones," with "no reference to Cota's specific actions." An electronic search condition was invalidated in *In re J.B., supra,* 242 Cal.App.4th 749, because the minor's theft offenses did not involve any use of electronic devices and the juvenile court had imposed the condition based on its view that "individuals who are involved in drugs such as this individual tend to record their usage on the Internet . . . ," as well as the speculative suggestion that the minor "may have used 'the Internet to arrange to meet in a certain place with the idea of stealing items.'" (*Id.* at pp. 752, 754.) In *In re Erica R.* (2015) 240 Cal.App.4th 907, 913, we invalidated an electronic search condition imposed based on the same view that minors involved with drugs "tend to post information about themselves and drug usage." Nothing in the record concerning the minor's offense or social history showed a connection between use of electronic devices and illegal drugs and, absent evidence of such a connection, we found "'no reason to believe the [condition] will serve the rehabilitative function of precluding [Erica] from any future criminal acts.'" (*Id.* at p. 913, quoting *In re D.G.* (2010) 187 Cal.App.4th 47, 53.)

As in the cases above, the electronic search condition imposed on Awwad "significantly burdens privacy interests." (*Ricardo P., supra,* 7 Cal.5th at p. 1123; *Riley v. California* (2014) 573 U.S. 373, 393–395 [discussing magnitude of personal data accessible on cell phone].) Given the

absence of any indication Awwad used electronic devices or the Internet in obtaining the items found in her possession, or used those items online or in digital communications, "[a] case-specific rationale that would make this burden proportional is no more present here than it was in *Ricardo P.*" (*People v. Cota, supra,* 45 Cal.App.5th at p. 791.) " '[R]equiring a probationer to surrender electronic devices and passwords to search at any time is . . . burdensome and intrusive, and requires a correspondingly substantial and particularized justification.' " (*Cota,* at p. 791, quoting *Ricardo P.,* at p. 1126.) Such a justification does not appear in the record in this case.

We conclude the electronics search condition imposed in this case is unreasonable under the *Lent* test and must be stricken.

**II.**

Awwad contends defense counsel provided ineffective assistance in failing to object to the fees, fines, and assessments imposed at sentencing, and failing to request a hearing on Awwad's ability to pay. The contention is raised in recognition of the fact that any challenges to the imposition of these fees, fines, and assessments were forfeited by the failure to object and request a hearing. (*People v. Trujillo* (2015) 60 Cal.4th 850, 859.) As earlier described, Awwad was ordered to pay a total of $590: A restitution fine of $300 (§ 1202.4, subd. (b)), a drug program fee of $100 (Health & Saf. Code, § 11372.7), a criminal lab analysis fee of $50 (Health & Saf. Code, § 11372.5), court operations assessments of $80 (§ 1465.8, subd. (a)(1)), and criminal conviction assessments of $60 (Gov. Code, § 70373).

Awwad's claim is founded on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), which held that due process forbids a trial court from imposing a court operations assessment (§ 1465.8), court facilities assessment (Gov. Code, § 70373), or executed restitution fine (§ 1202.4), without first

determining the defendant's ability to pay. Pointing out that *Dueñas* was decided two years before her sentencing, Awwad argues her attorney should have been aware of the possibility of striking or staying the fees and fines and need to request an ability to pay hearing, and should at least have acted to preserve her right to appeal these issues.

" ' "To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. [Citation.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' (*Strickland v. Washington* [(1984)] 466 U.S. 668, 694.)" ' " (*People v. Rices* (2017) 4 Cal.5th 49, 80, quoting *People v. Riel* (2000) 22 Cal.4th 1153, 1175.) The defendant's "burden is difficult to carry on direct appeal" as " ' "[r]eviewing courts will reverse convictions [on direct appeal] on the ground of inadequate counsel only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for [his or her] act or omission." ' " (*People v. Lucas* (1995) 12 Cal.4th 415, 437, quoting *People v. Zapien* (1993) 4 Cal.4th 929, 980; *People v. Lewis* (2001) 25 Cal.4th 610, 674–675.)

Awwad argues there could be no reason for her attorney's failure to object because there is no benefit to her having a debt she is unable to pay "based on her indigency, lack of employment, and representation by court-appointed counsel." She points to the probation report stating she was transient, unemployed, and represented by the public defender; had no "verifiable income" or assets; and had restitution liabilities. But the probation report also showed Awwad had an ability to earn income in the

9

recent past: She earned $600 to $700 a week working for her uncle's business from 2013 to 2019, and she earned $15 an hour working with autistic adults for a year. In December 2020, while on pretrial monitoring, Awwad was living in her car, but "sporadically stay[ed] at a home used as a vacation house," and was working on remodeling the house to pay the rent.

The state of the law concerning the issues *Dueñas* addressed was unsettled at the time of Awwad's sentencing hearing, and remains so. As has been summarized elsewhere, the Courts of Appeal are "split regarding if and under what circumstances the constitutional concerns underpinning the decision in *Dueñas* apply," some following its lead, some limiting it to its facts, some finding it wrongly decided. (*People v. Montes* (2021) 59 Cal.App.5th 1107, 1116.) The questions whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments and, if so, which party bears the burden of proof regarding defendant's inability to pay are currently pending before the California Supreme Court. (*People v. Kopp,* review granted Nov. 13, 2019, S257844.)

Considering the state of the law and the record in this case, Awwad has not demonstrated there could not have been any possible tactical reason for counsel not to object to the fees, fines, and assessments, or to request an ability to pay hearing. More than half the total financial obligation imposed was the mandatory minimum restitution fine, which the record indicates Awwad agreed to as part of her plea agreement: The restitution fine was specifically mentioned as a component of the plea agreement recited for the record at the hearing at which the court accepted Awwad's plea. And despite her lack of housing or income at the time of sentencing, Awwad's situation was not like that of the defendant in *Dueñas,* who had neither present income nor any ability to earn in the future, and was suffering the "cascading

10

consequences" of debt from a minor offense leading to an " 'ever-expanding financial burden[.]' " (*Dueñas, supra,* 30 Cal.App.5th at p. 1163.) " 'Ability to pay does not necessarily require existing employment or cash on hand.' " (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837, quoting *People v. Staley* (1992) 10 Cal.App.4th 782, 785.) " '[T]he court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future.' " (*Hennessey,* at p. 1837, quoting *People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.) This may include a defendant's ability to earn prison wages and to earn money upon release from prison (*Hennessey,* at p. 1837), and there is no reason it may not also include ability to earn money while on probation. Counsel's failure to object or request an ability to pay hearing may have reflected an assessment that, in light of her demonstrated capacity to earn, Awwad did not lack ability to pay.

### III.

Awwad contends the fees she was ordered to pay pursuant to former section 1203.1ab (drug test fee of $7.17 and drug lab analysis fee of $21.51) must be vacated due to an amendment to section 1465.9 that became effective on January 1, 2022.

Assembly Bill No. 177 added subdivision (b) to section 1465.9: "On and after January 1, 2022, *the balance of any court-imposed costs pursuant to* Section 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, *1203.1ab*, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, *as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated.*"[2] (Stats. 2021, ch. 257, § 35, italics added.)

---

[2] Subdivision (a) of section 1465.9, originally enacted in 2020 (Stats. 2020, ch. 92, § 62) and amended by Assembly Bill No. 177 (Stats. 2021,

Assembly Bill No. 177 also repealed former section 1203.1ab (effective Jan. 1, 2022), which required courts to order defendants with financial ability to pay all or part of the costs associated with substance abuse testing to pay a reasonable fee for such testing, and replaced it with a new section 1203.1ab containing no provision for defendants to pay any portion of required substance abuse testing.  (Stats. 2021, ch. 257, § 24.)

The Attorney General agrees with Awwad that any balance of fees she owes under former section 1203.1ab must be vacated, but disagrees "[t]o the extent [Awwad] is claiming that the entire $7.17 drug testing fee and $21.51 for a drug laboratory analysis fee per use must be vacated."  We do not understand Awwad to be suggesting she is entitled to reimbursement for fees she has already paid, and thus view the parties as in agreement.  The statutory language emphasized above makes clear that any fees that have been assessed against Awwad under former section 1203.1ab, but have not yet been paid are unenforceable and uncollectible, and that Awwad is entitled to have the portion of the judgment imposing fees under former section 1203.1ab vacated.  (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626–627 [construing the same language as it appears in § 1465.9, subd. (a)]; *People v. Clark* (2021) 67 Cal.App.5th 248, 259 [same].)

## DISPOSITION

The probation order is reversed and the matter remanded to the trial court with directions to vacate any fees imposed under former section

---

ch. 257, § 35), provides the same relief with respect to a different group of statutes, effective July 1, 2021:  "The balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 1463.07, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

1203.1ab that remain unpaid; strike the probation conditions requiring payment of fees pursuant to former section 1203.1ab; and modify probation condition number 11 by striking the language "to include all electronic devices, and supply passwords upon request." In all other respects, the probation order is affirmed.

 

                                      _____

                                          Mayfield, J.*

We concur:

_____

Stewart, Acting P.J.

_____

Miller, J.

*People v. Awwad* (A162622)

     *Judge of the Mendocino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.