Filed 10/26/22  P. v. Gibson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>TERRA ROBERT JOSIAH GIBSON,<br><br>       Defendant and Appellant. | A163214<br><br>(Del Norte County Super. Ct. No. CRF219240) |

Terra Robert Josiah Gibson entered a plea of no contest to the felony charge of arranging to meet a minor for lewd purposes and was sentenced to a two-year prison term.  He contends the trial court violated his constitutional rights by imposing a restitution fine and administrative fees without first conducting an ability to pay hearing.  He further contends that post-sentencing statutory changes require that the order for him to pay attorney fees be stricken.  We conclude Gibson forfeited his ability to pay challenge but agree the order to pay attorney fees must be vacated.

**BACKGROUND**

**I.**

Gibson contacted "Ally" through a friendship/dating website and suggested they meet, not knowing Ally was a decoy arranged by a nonprofit

1

organization called Worldwide Predator Hunters. The two exchanged phone numbers and engaged in an ongoing conversation by text message. Although Ally told Gibson she was 14 years old, Gibson's texts were sexually explicit, including describing the sexual acts he would engage in with her if they met. He told her he was nervous about the fact that he could go to prison if he was caught with her " 'but honestly, that just makes me want it more.' "

After making several arrangements to meet that Gibson failed to show up for, Gibson texted Ally that he was in Crescent City and she should sneak out so he could pick her up; she told him she could meet him the following day. The next morning, June 25, 2021, Gibson texted that he was at the beach, told Ally the street where he had parked his motor home and sent a picture of a small brown dog.

The founder of Worldwide Predator Hunters had informed the Del Norte County Sheriff's office about Gibson's contacts with Ally. Deputy Sheriff Ashbury went to the area where Gibson said he had parked and saw a motor home parked along the road facing the ocean; she recognized a dog sitting in the driver's seat as the dog in the picture Gibson had sent Ally. Early that afternoon, Ally told Gibson she was walking to him and officers staged in the area where Ashbury had seen the motorhome. An officer posing as Ally spoke with Gibson by phone and asked where he was; he said she had taken too long and he had left but would return. When he drove up in the motor home, he was arrested.

Gibson was charged with arranging to meet a minor for lewd purposes. (Pen. Code, § 288.4, subd. (b).)[1] On July 12, 2021, pursuant to a plea bargain, he entered a plea of no contest. On July 29, he was sentenced to two years in

---

[1] Further statutory references will be to the Penal Code except as otherwise specified.

prison. The court imposed the minimum restitution fine of $300 (§ 1202.4, subd. (b)), a parole revocation fine of $300, stayed unless he violated parole (§ 1202.45), a court operations fee of $40 (§ 1465.8), a criminal conviction assessment of $30 (Gov. Code, § 70373), and $150 in attorney fees (former § 987.8 and former Gov. Code, § 27712). The court also imposed a fine of $1,190, which is not the subject of any of Gibson's arguments on appeal.[2]

Appellant filed a timely notice of appeal on July 30, 2021.

## DISCUSSION

## I.

### *The Order to Pay Public Defender Fees Must Be Stricken.*

As indicated above, the trial court ordered Gibson to pay $150 to reimburse the cost of his legal representation by the public defender pursuant to former section 987.8. That statute "allow[ed] a court to order a defendant to reimburse the government for the cost of court-appointed counsel, medical and psychiatric experts, investigative services, and expert witnesses," subject to a determination of ability to pay. (*People v. Rodriguez* (2019) 34 Cal.App.5th 641, 645.)

Former section 987.8, along with a number of other statutes authorizing courts to impose fees related to criminal prosecutions on convicted defendants, was repealed, as of July 1, 2021, by Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill No. 1869) (Stats. 2020, ch. 92, § 37). Assembly Bill No. 1869 also enacted section 1465.9, subdivision (a),

---

[2] This fine was referred to at the hearing as the "standard" "felony fine," and listed in the court's minutes and on the abstract of judgment simply as "fine." Appellant's opening brief refers to it as a "statutory fine" and includes it in calculating that the court imposed a total of $2,010 in fines and fees, but then ignores it: His arguments are directed only at the $300 restitution fine and the administrative assessments. Respondent's brief does not mention the $1,190 fine at all.

which provides that "[t]he balance of any court-imposed costs pursuant to" enumerated statutes including section 987.8 "as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2020, ch. 92, § 62.)[3]

The Legislature's stated intent in Assembly Bill No. 1869 was "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2020, ch. 92, § 2.) Section 1465.9 "not only authorizes, but mandates, vacation of a portion of a judgment for the purpose of striking the now-unauthorized assessments." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625-626 [probation supervision and criminal justice administration fees]; *People v. Clark* (2021) 67 Cal.App.5th 248, 259-260 [probation supervision fee].) The parties agree that the portion of the judgment ordering Gibson to pay $150 in attorney fees is unenforceable and should be vacated. We concur. The trial court's judgment for attorney fees shall be vacated and the minute order for July 29, 2021, shall be amended to strike the order for reimbursement of public defender fees.

## II.

### *Gibson's Challenge to the Restitution Fine and Administrative Fees Was Forfeited.*

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and related caselaw, Gibson maintains his constitutional rights to due process and equal

---

[3] Assembly Bill No. 1869 similarly repealed former Government Code section 27712, relating to reimbursement of the cost of legal assistance provided through the public defender or private counsel appointed by the court (Stats. 2020, ch. 92, § 16), and added Government Code section 6111, making the unpaid balance of costs imposed under Government Code section 27712 uncollectible. (Stats. 2020, ch. 92, § 11.)

4

protection, and against excessive fines, were violated when the trial court imposed the restitution fine, court operations fee and criminal conviction assessment without first conducting a hearing to determine whether Gibson had the ability to pay. *Dueñas* held that the constitutional guarantees of due process and equal protection forbid a trial court from imposing a court operations assessment (§ 1465.8) or court facilities assessment (Gov. Code, § 70373), or executed restitution fine (§ 1202.4), without first determining the defendant's ability to pay. (*Dueñas,* at p. 1164.) Subsequent decisions have taken a variety of approaches, some following *Dueñas,* some disagreeing with its analysis in whole or in part, some applying different analytical frameworks, and some distinguishing *Dueñas* factually. (See *People v. Montes* (2021) 59 Cal.App.5th 1107, 1116; *People v. Cowan* (2020) 47 Cal.App.5th 32, 41-45, review granted June 17, 2020, S261952.) The question whether a court must consider a defendant's ability to pay before imposing fines, fees, and assessments is currently before the California Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844)

It is the defendant's burden to raise the issue of inability to pay fines, fees and assessments and to present evidence of his or her inability to pay. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) Gibson acknowledges that his attorney made no "express objection" to the fines, fee and assessment. Defense counsel did ask the court to find Gibson did not have the ability to pay attorney fees, however, and Gibson argues this assertion of inability to pay should suffice for an objection to the fine and assessments.

We disagree. After imposing the prison sentence and informing Gibson of his right to appeal, the court imposed the $1,190 "felony fine," to which there was no objection. The court then confirmed the number of custody

credits and existence of a firearm relinquishment order, and noted "there's an attorney fee order." Defense counsel asked the court to make a finding that Gibson did not have the ability to pay because he was going to state prison. The court asked counsel what she thought her fees were "worth" and she responded that she had spent very little time, "maybe an hour and a half," because Gibson from the start "wanted to try to get a mitigated resolution." The court said, "I'll assess $150 then; partially because of an early plea." Counsel told Gibson this payment was to reimburse the county and there was no time schedule for payment, "[j]ust as soon as you can." The hearing then ended. The reporter's transcript reflects no reference to the restitution fine, court operations fee or criminal conviction assessment, although they are documented in the court's minutes and the abstract of judgment.

Given the absence of any discussion of the restitution fine, court operations fee or criminal conviction assessment, or objection to the $1,190 fine, it is not reasonable to read counsel's ability to pay objection as directed at anything other than the attorney fees order to which it expressly referred. Indeed, counsel's phrasing of the objection indicates she was invoking the particular requirements of former section 987.8, which provided that, absent unusual circumstances, "a defendant sentenced to state prison . . . shall be determined not to have a reasonably discernible future financial ability to reimburse the cost of their defense." (Former § 987.8, subd. (g)(2)(B).) Under general principles of appellate procedure, by failing to raise the issue of inability to pay the restitution fine and administrative fees, Gibson forfeited the issue. (*People v. Aguilar* (2015) 60 Cal.4th 862, 864.)

Gibson argues his attorney's failure to object constituted ineffective assistance of counsel. To prevail on this basis, Gibson has the burden of demonstrating both that "counsel's performance was deficient and that [he]

6

suffered prejudice from the deficient performance." (*People v. Caro* (2019) 7 Cal.5th 463, 488.) As to the former, Gibson must show counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) On direct appeal, if the record " ' "sheds no light on why counsel acted or failed to act in the manner challenged," ' we must reject the claim ' "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*Caro*, at p. 488, quoting *People v. Wilson* (1992) 3 Cal.4th 926, 936.)

Gibson maintains there is no basis upon which counsel's failure to raise an ability to pay objection to the restitution fine, court operations fee and criminal conviction assessment could be excused as a tactical decision.[4] The

---

[4] At Gibson's request, we have taken judicial notice of the People's brief in *People v. Kopp, supra,* S257844. Gibson argues that the People "agreed that defendants should all receive hearings on their ability to pay both punitive and non-punitive fines," and urges that if the California Supreme Court accepts this "concession," which he did not have the benefit of at sentencing, it should apply to him because his conviction is not yet final. It is not clear what significance this argument has to the present appeal, as the Supreme Court has not yet issued a decision in *Koop*. Moreover, the statement in the People's brief that "[w]hen a defendant claims that she would be unable to pay a given amount, a court must consider that contention before imposing or executing fines or fees" does not absolve the defendant of the obligation to raise the issue in the trial court.

Gibson argues in his reply brief that it is "unclear" whether he or the prosecution would have the burden of proving inability or ability to pay; the issue is before the California Supreme Court in *Kopp*; the People "conceded this point" in their brief in *Kopp*; and "[t]hus, defense counsel could have no tactical reason for failing to hold the prosecutor to this burden." Counsel could not have anticipated the arguments made in a brief filed subsequent to sentencing and, in any event, the brief argues that the prosecution bears the burden of proving a defendant's ability to pay only with respect to fees and fines the Legislature has expressly made subject to ability to pay, which is

7

People maintain counsel could have concluded any such objection would have been futile once the court declined the request to find Gibson did not have the ability to pay $150 for attorney fees. We need not resolve this aspect of the parties' dispute, as it is clear Gibson has not shown the "reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different" necessary to establish prejudice. (*People v. Mai, supra,* 57 Cal.4th at p. 1009.)

According to the probation report, Gibson reported that he was homeless, owed $9,000 in back child support, and recently lost monthly income of $2,200 he had been receiving from unemployment.[5] But he had been employed as a " 'Shelter Manager' " for the Arcata House Partnership from November 2019 to September 2020, and previously had worked at Alderpoint Garage, Dirt Works and DBL Construction. The record also indicates Gibson had at least some assets: He was arrested in a motorhome which he referred to in a text to Ally as "his new motorhome"; in the same text he mentioned getting a ride to "his car"; and he had a cell phone and presumably paid for the service that allowed him to use it.

Additionally, while Gibson's relatively short sentence means he would not earn enough from prison wages to cover all of the court-imposed costs,

---

not the case for the minimum restitution fine and administrative fees at issue here.

[5] The probation report further relates that Gibson left high school two years early after passing the High School Proficiency Exam and said he had attended some college and vocational training. He said he "rarely" consumed alcohol but reported prior daily use of methamphetamine and current daily use of heroin, and said he was under the influence of a quarter gram of heroin at the time of his offense. He had been involved with substance abuse programs in 2004 and 2005. He stated that he had a communicable sexually transmitted disease and a prior back injury.

such wages would enable him to begin to pay them, and he would regain the opportunity to find employment after his release. (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139-140 [past earning capacity, use of cell phone, payment for hotel room distinguish defendant's financial burden from that in *Dueñas*; ability to earn prison wages over lengthy term render any error in failing to consider ability to pay harmless].) " ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837; *People v. Frye* (1994) 21 Cal.App.4th 1483, 1487; *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377.)" (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076.)

Gibson argues his extensive criminal history makes him "virtually unemployable." No doubt felony convictions impose a significant impediment to obtaining employment. Yet the record indicates Gibson had some success in finding employment despite his past convictions. His first felony conviction was in 2004 and others were in 2010 and 2018; the probation report indicates he was employed from November 2019 to September 2020 as a " 'Shelter Manager' " for the Arcata House Partnership, and previously at Alderpoint Garage, Dirt Works and DBL Construction. Gibson thus had demonstrated ability to earn despite his criminal record.

Gibson also points to the fact that he was represented by appointed counsel, acknowledging this is not determinative of indigence but urging it entitles him to a " 'presumption of indigence for most purposes.' " (*People v.*

9

*Santos* (2019) 38 Cal.App.5th 923, 933, quoting *People v. Rodriguez* (2019) 34 Cal.App.5th 641, 645.)  The trial court's finding that Gibson had the ability to pay the $150 attorney fees undercuts this argument.  Courts have observed that "a defendant may lack the 'ability to pay" the costs of court-appointed counsel yet have the 'ability to pay' a restitution fine." (*People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397; *People v. Santos,* at p. 933.)

In light of the evidence of Gibson's tangible assets and past earning capacity, he has not demonstrated a reasonable likelihood that the trial court would have found he lacked ability to pay the restitution fine, court operations fee and criminal conviction assessment if Gibson had requested an ability to pay hearing.

## DISPOSITION

The matter is remanded to the trial court with directions to vacate the judgment for attorney fees and amend the July 29, 2021 minute order by striking the order to pay $150 in attorney fees.

In all other respects, the judgment is affirmed.

_____
STEWART, J.

We concur.


_____
RICHMAN, Acting P.J.


_____
MILLER, J.


*People v. Gibson* (A163214)

11