Filed 12/13/24  P. v. Yates CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TYLER YATES,<br><br>Defendant and Appellant. | C100426<br><br>(Super. Ct. No. 22FE008389) |

After pleading guilty to first degree murder with a prior strike conviction for stabbing another inmate to death, defendant Tyler Yates received 50 years to life in state prison.  The court imposed a $10,000 restitution fine.

Defendant contends on appeal that the trial court violated his constitutional rights to due process and the prohibition against excessive fines by imposing the maximum restitution fine without determining his ability to pay the fine or holding an ability to pay hearing pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  To the

1

extent any of these issues have been forfeited, defendant asserts ineffective assistance of counsel. Finding no merit to his contentions, we affirm.

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant and codefendant Gregory Roach were jointly charged with the first degree premeditated murder of Nathan Marcus (Pen. Code, §§ 187, subd. (a), 664; statutory section citations that follow are to the Penal Code unless otherwise stated), and defendant alone was charged with possessing and carrying a weapon in prison, a sharpened metal stock (§ 4502, subd. (a)). It was further alleged that defendant personally used a deadly and dangerous weapon during the murder (§ 12022, subd. (b)(1)), and that he had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) for first degree residential burglary (§ 459), which also constituted a prior serious felony (§ 667, subd. (a)).

In June 2023, defendant pleaded guilty to both counts and admitted the prior strike offense. The parties stipulated to the prosecutor's stated factual basis for the plea as follows: Defendant, Roach, and Marcus were prison inmates in Sacramento. Defendant and Roach shook hands with Marcus while in the prison yard and then attacked him; defendant stabbed Marcus seven times with a sharpened metal object, four of which were fatal, while Roach pulled him to the ground and stomped on his head. Marcus later died from his injuries. Defendant was previously convicted of first degree burglary in 2017, which qualified as a strike and a prior serious felony.

Prior to sentencing, defendant moved to strike his strike prior pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. At the sentencing hearing, defense counsel also asked the trial court to strike a proposed $10,000 restitution fine under *Dueñas*, arguing that fees and fines could not be imposed without determining a defendant's ability to pay and that given low prison wages the court should find defendant unable to pay. The court denied defendant's *Romero* motion, and rejected his

2

*Dueñas* argument because defendant had some minimal capacity to earn money while in prison.

The court sentenced defendant to 25 years to life for the murder, doubled to 50 years to life for the prior strike, and imposed and stayed a four-year term on the weapon possession offense. The court imposed the maximum $10,000 restitution fine under section 1202.4, mandatory assessments, as well as $913 in direct restitution to cover the victim's funeral expenses.

Defendant timely appealed.

## DISCUSSION

### I

### *Section 1202.4 Restitution Fine*

Following a criminal conviction, section 1202.4 requires a trial court to "impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) "If the person is convicted of a felony," as defendant was here, "the fine shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000)." (§ 1202.4, subd. (b)(1).)

A trial court has discretion in selecting the restitution fine, although the amount imposed must be "commensurate with the seriousness of the offense." (§ 1202.4, subd. (b)(1).) Section 1202.4 includes the following formula a court may utilize to calculate a restitution fine: the minimum $300 fine multiplied by the number of years of imprisonment a defendant must serve, multiplied by the number of the defendant's felony convictions. (*Id.*, at subd. (b)(2).)

A defendant's inability to pay may be considered only when increasing the amount of the restitution fine above the statutory minimum fine, but under no circumstances shall the inability to pay constitute a compelling and extraordinary reason not to impose a

3

restitution fine. (§ 1202.4, subd. (c).) In determining whether to exceed the minimum fine, "the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).) Loss not only includes pecuniary losses to the victim or the victim's dependents, but also intangible losses, such as psychological harm caused by the crime. (*Ibid.*) A court may consider a defendant's future earning capacity when making an inability to pay determination. (*Ibid.*)

The defendant bears the burden of demonstrating his inability to pay. (§ 1202.4, subd. (d).) A court is not required to make express findings as to the factors bearing on the amount of the fine, nor must it hold a separate hearing for the fine. (*Ibid.*)

II

*Analysis*

Defendant challenges the $10,000 restitution fine imposed under section 1202.4, arguing that (1) the trial court abused its discretion by imposing the maximum fine on an indigent prisoner without considering his actual, as opposed to theoretical, ability to pay the fine; (2) the maximum fine is excessive under the federal and state constitutions; and (3) he was entitled to a separate ability to pay hearing before the court imposed the restitution fine. He cites a newspaper article and two reports from the Department of Corrections and Rehabilitation showing that prison wages are low and that not all inmates obtain jobs while incarcerated.[1] Defendant asks this court to stay execution of the

---

[1] Defendant's unopposed amended request for judicial notice is granted.

restitution fine, or, alternatively, reduce the fine to the $300 statutory minimum or remand the matter for an ability to pay hearing.

Preliminarily, we note that while defense counsel objected that defendant may be unable to pay the recommended $10,000 restitution fine due to low prison wages, counsel did not object that the restitution fine violated the constitutional prohibition against excessive fines, nor did he request a separate ability to pay hearing. Recognizing he may have forfeited some of these claims by not raising them below, defendant argues he received ineffective assistance of counsel.

Defendant's challenge to the restitution fine relies primarily on *Dueñas*, *supra*, 30 Cal.App.5th 1157, which, as relevant here, held "that although []section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Id*. at p. 1164.) While *Dueñas* also held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under []section 1465.8 and Government Code section 70373" (*ibid*), defendant does not challenge the court facility and court operations assessments imposed here and we do not address these fees further.

Courts are split on whether *Dueñas* was correctly decided. The Supreme Court is poised to resolve the issue, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, 96-97, review granted Nov. 13, 2019, S257844, which held in part that "there is no due process requirement that the court hold an ability to pay hearing before imposing a punitive fine and only impose the fine if it determines the defendant can afford to pay it." The Supreme Court will decide in *Kopp*: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?" (See

*People v. Kopp*, 2019 Cal. LEXIS 8371.) In the meantime, we agree with those appellate courts finding *Dueñas* was wrongly decided. (See e.g., *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067 (*Aviles*); *People v. Hicks* (2019) 40 Cal.App.5th 320, 322, 324-329, review granted Nov. 26, 2019, S258946.) Neither section 1202.4 nor due process prohibits a trial court from imposing a punitive restitution fine unless a defendant has a present ability to pay the fine.

Notably, a restitution fine is not automatically invalid if a defendant is unable to pay it. (See *People v. Potts* (2019) 6 Cal.5th 1012, 1055-1056 [concluding trial court could lawfully impose $10,000 restitution fine despite condemned inmate's categorical ineligibility to earn prison wages and his receipt of only occasional small gifts of money from family, and rejecting argument "that a fine is automatically invalid if a defendant is unable to pay it"].) And the " '[a]bility to pay does not necessarily require *existing employment* or cash on hand.' " (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487, italics added.) Instead, the plain language of section 1202.4 provides that a trial court may consider a defendant's future earning capacity when making an inability to pay determination. (§ 1202.4, subd. (d); see also *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 [court may consider defendant's ability to pay in the future].)

Thus, even assuming defendant is not presently employed while in prison, the trial court could properly consider his future ability to pay the restitution fine if given a job during his lengthy prison sentence. (See *People v. Kramis* (2012) 209 Cal.App.4th 346, 350 [when determining inability to pay for purposes of imposing a fine that exceeds the statutory minimum, a trial court may consider a defendant's future earning capacity]; *People v. Frye*, *supra*, 21 Cal.App.4th at pp. 1486-1487 ["trial court is not limited to a consideration of a defendant's present financial circumstances; rather, the court may consider the future financial prospects of a defendant" when imposing fees and fines]; *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377 [sentencing court may consider a defendant's future ability to pay, including his ability to earn wages while in prison];

6

*Aviles, supra*, 39 Cal.App.5th at p. 1076 [recognizing the state may garnish a certain amount of prison wages to pay the § 1202.4 restitution fine].)  That paying off the fine over the next 50 years may be difficult does not mean the court abused its discretion in imposing the maximum fine.  (See e.g., *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 [defendant did not show inability to pay $10,000 fine simply because prison wages would make it difficult, it would take a long time, and the fine might never be paid].)

As the People argue, the record shows defendant is young and able-bodied, and he has the ability to work while incarcerated.  He was 27 years old at the time of the attack.  Defendant had the mental acuity to plot the deadly attack with another inmate with whom he worked in concert to surprise the victim, as well as the physical ability to take the victim to the ground and repeatedly stab him to death.  No evidence of any physical or mental impediments to prison work are revealed in the record, and defendant did not offer any evidence of such below.

Defendant's next claim—that the $10,000 restitution fine ran afoul of the federal or state constitutions' prohibition against excessive fines—is forfeited.  " ' "No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881; see also, *People v. McCullough* (2013) 56 Cal.4th 589, 592-593 [constitutional challenge to booking fee forfeited].)  This includes an excessive fines claim.  (See e.g., *People v. Torres* (2019) 39 Cal.App.5th 849, 860 & fn. 4 [excessive fines claim forfeited in absence of timely objection].)

Even if we were to find the issue sufficiently preserved for review, we nonetheless would reject defendant's excessive fines challenge on the merits.[2]  (*People ex rel.*

---

[2]  Because we reject defendant's excessive fines argument on the merits, we do not address his ineffective assistance of counsel claim.

*Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 731 [after examining the relevant considerations, a reviewing court can decide for itself whether a fine or penalty is unconstitutionally excessive]; *Aviles*, *supra*, 39 Cal.App.5th at p. 1072 [we review the excessiveness of a fine challenged under the Eighth Amendment de novo].)

To determine if a fine is excessive in violation of the federal or state constitutions (U.S. Const., Amend. VIII; Cal Const., art. I, § 17), a court considers: "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer*, *supra*, 37 Cal.4th at p. 728 [applying Eighth Amendment analysis to both defendant's federal and state excessive fines claims]; see also *People v. Bajakajian* (1998) 524 U.S. 321, 334 ["The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish"].)  "While ability to pay may be part of the proportionality analysis, it is not the only factor." (*Aviles*, *supra*, 39 Cal.App.5th at p. 1070, citing *Bajakajian*, at pp. 337-338.)

Here, we find that the $10,000 restitution fine imposed for murdering a defenseless inmate and possessing a weapon while incarcerated is not grossly disproportional to the level of harm and defendant's culpability in this matter.  It was not grossly disproportionate to impose the statutory maximum restitution fine given defendant's violent and assaultive conduct against the victim, his wanton disregard for the law and the physical and mental safety of other inmates during the assault.  The $10,000 restitution fine is not excessive under the Eighth Amendment or the equivalent provision of the California Constitution.

Defendant finally claims the trial court erred by not holding a separate ability to pay hearing, another issue he failed to raise below.  Even if the issue is arguably forfeited, the plain language of section 1202.4 belies his argument.  Section 1202.4 expressly provides that a separate hearing on the fine *is not required*. (§ 1202.4, subd. (b).)

Defendant had the opportunity to, and did, object on inability to pay grounds. It was his burden to prove his inability to pay. (§ 1202.4, subd. (d).) The fact that the trial court rejected his argument that he could not pay the maximum fine due to low prison wages does not mean the court erred.

DISPOSITION

The judgment is affirmed.

_____
HULL, Acting P. J.

I concur:


_____
BOULWARE EURIE, J.


I concur in the result:


_____
MAURO, J.

9